### GERMANIA BANK OF NEW YORK v. LA FOLLETTE et al.

#### (Circuit Court, S. D. New York. December 28, 1895.)

BILLS AND NOTES—DEFENSES—BONA FIDE HOLDER.

One L. made a note, and delivered it to the payee, upon an express agreement that it should be sold and discounted by the payee for cash, which should be paid over to L. Instead of so doing, the payee diverted the note; which passed through the hands of several parties, who had notice of the diversion, and who severally indorsed the note. The last of these parties, the D. Co., had the note discounted at its bank, which had no notice of the diversion, and received and used the proceeds. The note not being paid, the bank, at the request of the D. Co., sued the maker and all the indorsers except the D. Co. *Held,* that the fact that the bank had discounted the note solely in reliance on the credit of the D. Co., and that it had omitted to sue that company, in reliance upon the company's paying the note, if not collected from the maker or prior indorsers, though it enabled the D. Co. to obtain an unfair advantage, was not a defense to the action.

This is an action on a promissory note against Harvey M. La Follette, as maker, and the New England Milling & Manufacturing Company, United States Oil & Tallow Company, and Edward Records, as indorsers. Issue was joined by La Follette only, and, upon stipulation duly filed, the case was tried by the court without a jury.

George E. Mott, for plaintiff.

David W. Armstrong and F. R. Kellogg, for defendants.

LACOMBE, Circuit Judge. La Follette, on August 10, 1894, made his promissory note, in writing, dated on that day, whereby, for value received, he promised to pay to the order of the New England Milling & Manufacturing Company, five months thereafter, at No. 54 Wall street, in the city of New York, the sum of $5,000. This note he delivered to said company, through its president, the defendant Records, upon an express agreement and understanding that the same was to be sold and discounted by said company for cash only, and the proceeds thereof paid over and accounted for to La Follette. The note was fraudulently and wrongfully diverted from this purpose by the holder, and, without any valuable consideration passing to La Follette, was transferred by indorsement

successively to the United States Oil & Tallow Company, of which Records was president, thence to Records himself, and by him to the Delavergne Refrigerating Company, in payment of a prior indebtedness. All these persons had notice that the note was being diverted. Prior to maturity the note was offered for discount or sale to the plaintiff by the Delavergne Company, and was discounted, the proceeds placed to the credit of the Delavergne Company, and subsequently drawn out of the bank, before maturity of the note. The evidence leaves no doubt that, so far as the bank was concerned, this discount or purchase of the note was bona fide. It paid full value for it, and had no notice of its diversion, or of any equities existing in favor of the maker. The fact that the bank bought the note without knowing anything of La Follette, or making any inquiries as to his financial standing, relying solely on the solvency of its customer, the Delavergne Company, is immaterial. If it was satisfied that its customer was perfectly good for the amount advanced, that customer's indorsement enabling the bank to recover from the company if the maker defaulted, it was under no obligation to investigate as to the other names on the note. And when it bought the note it bought it out and out, with the right to enforce it against any or all of the persons liable upon it, whether as maker or indorsers.

The note was not paid at maturity. It was held in the bank for a few days, and then sent to its attorneys, with instructions to begin this suit, to which all parties to the note are made defendants, except the Delavergne Company. This was done by the bank officers at the special instance and request of the company. The company has not secured the bank, otherwise than by its original indorsement of the note, nor has it even agreed to keep its bank account good for $5,000 during the pendency of this suit. The bank officers, however, are satisfied that the company is entirely solvent, and that, if they fail to collect the amount of the note and interest in this action, they will be able to obtain it from the company, and do not expect to be put to any expense for costs or lawyer's fees in the event of failure, as the customer whom they are thus accommodating will undoubtedly reimburse them. It is upon these facts that defendant relies, but they do not constitute a defense to this action. The bank, as bona fide owner of the note, had the right to choose whom it would sue. It does not lose the right so to choose because the motives which induce it to make such choice may be reprehensible. No doubt, the arrangement whereby its customer is secured an unfair advantage through the instrumentality of the bank, which such customer could not have obtained without its subservient action, was a mean and iniquitous transaction; but this action is brought on the law side of the court, and must be determined as principle and authority require. Judgment for plaintiff.