## HOLM et al. v. ATLAS NAT. BANK.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1898.)

No. 425.

1. BANK'S NOTICE OF INFIRMITY IN NOTE—KNOWLEDGE OF OFFICER.

The facts that the president of a corporation for which a bank discounted notes, in the ordinary and usual course of its business, was vice president of the bank, and that the secretary, who represented the corporation in the transaction, was also a director of the bank, do not charge the bank with notice of a secret infirmity in one of such notes, where neither of such officers represented the bank in the transaction.

2. NOTES—BONA FIDE HOLDER—PAYMENT.

A bank returned a note at maturity to a customer, for whom it had been discounted, and who had indorsed it, listing it with paper it had that day paid for the customer at the clearing house, in accordance with an arrangement between them. It also made entries on its books as though the note had been paid. The customer, however, erased the note from the list, and returned it unpaid, and the bank entries were erased. Held, that such transaction did not constitute a payment with bank, so as to revest the title to the note in the indorser, or deprive the bank of its previous character of bona fide holder.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

The Atlas National Bank, the defendant in error, brought suit in the court below to recover of the plaintiffs in error the amount of a promissory note dated February 18, 1893, for $4,000, payable to the order of the John V. Farwell Company, six months after date, at the Bank of Eau Claire, in the city of Eau Claire, Wis., executed by them under their co-partnership name of Nels Holm & Co., and signed also by the firm of Holm & Thompson. The defenses alleged and which were the subject of contention were (1) illegality of the consideration of the note; (2) that the Atlas National Bank was not a bona fide purchaser for value; (3) that the note before suit had been paid to the Atlas National Bank by the John V. Farwell Company. At a former trial of the case a judgment was rendered for the defendants below, which was reversed. Bank v. Holm, 34 U. S. App. 472, 19 C. C. A. 94, and 71 Fed. 489. At the last trial, upon the close of the evidence, the court directed a verdict in favor of the Atlas National Bank; and, to review the judgment rendered on the verdict, this writ of error is sued out.

James Wickham and R. M. Bashford, for plaintiffs in error.

H. M. Lewis, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, delivered the opinion of the court.

We held when this case was previously before us that the note in suit was invalid, except in the hands of an innocent purchaser. It was therefore incumbent upon the Atlas National Bank to establish that it was a bona fide holder of the note for value, before maturity. We are of opinion that this is shown beyond peradventure. The note was one of 40 or 50 pieces of commercial paper, amounting in the aggregate to over $50,000, which were discounted by the bank for the John V. Farwell Company, on April 7, 1893, in the usual course of its business, and without notice of its illegality. The amount of the discount was passed to the credit of the John V. Farwell Company in account, and was checked out within three or four days thereafter. The transactions between the bank and the John V. Farwell Company were large, amounting to several hundred thousand dollars per annum, and at times running up to a million dollars a year. The evidence wholly failed to impeach the good faith of the bank with regard to the purchase of the paper, or to suggest notice of any infirmity in its origin. There was nothing to cast a shadow on the transaction or to put the bank on inquiry. The fact that John V. Farwell, the president of the John V. Farwell Company, was also vice president of the bank, and a stockholder therein, and that J. T. Chumasero, the secretary of the John V. Farwell Company, was a director and stockholder of the bank, and that others not named were holders of stock in both corporations, does not militate against the bona fide character of the holding of this paper by the bank. In the discounting of this paper, the bank was represented by its president, C. D. Grannis, and the John V. Farwell Company by its secretary, J. T. Chumasero. Assuming that the latter was chargeable with notice of the infirmity in the consideration of this note, neither because Chumasero was a stockholder and a director of the bank, nor because the president of the John V. Farwell Company was also a

stockholder and the vice president of the bank, was the Atlas National Bank so chargeable, neither acting for the bank. In the discounting of this paper the officers of the John V. Farwell Company stood as strangers to the bank. The interest of the company was opposed to the interest of the bank, and the presumption is that the officers of the John V. Farwell Company would not communicate to, but would conceal from the bank any knowledge they might have of the secret infirmity in the consideration of this note. "Where an officer of a corporation is thus dealing with them in his own interest opposed to theirs, he must not be held to represent them in the transaction, so as to charge them with the knowledge he may possess but which is not communicated to them, and which they do not otherwise possess, of facts derogatory to the title he conveys." Barnes v. Gas Light Co., 27 N. J. Eq. 33; Bank v. Christopher, 40 N. J. Law, 435.

Being, then, bona fide holders of this note for value, before maturity, we proceed to inquire whether the bank, by its subsequent conduct, forfeited its right as such holder, and whether the note can be deemed to have been paid by the John V. Farwell Company. The bank was accustomed to clear for the John V. Farwell Company at the Chicago clearing house, and, on the evening of each day, made up a list of the paper which it had paid for the John V. Farwell Company, sent the list with the paper represented therein to and received from the latter company a check for the amount. Nearly all the commercial paper discounted by the bank for the John V. Farwell Company was made payable at the office of the latter company, and the makers of such paper, being largely merchants residing without the city of Chicago, remitted directly to that company; and the bank was accustomed to send the notes discounted for the Farwell Company to its office a day or two before maturity, when, if the makers had remitted or otherwise arranged for the paper, the Farwell Company would check for the amount. The note in question, with two other notes of the same parties made at the same time, were payable at the Bank of Eau Claire, in Wisconsin. The other notes, which matured May 21, 1893, had also been discounted by the bank for the John V. Farwell Company before the discounting of the note in suit, and were forwarded by the bank to Eau Claire for collection, one of them being paid, and the other protested. When the note in suit was about maturing, the note teller of the bank, remembering that the other note had been sent to Eau Claire, and protested for nonpayment, and had been subsequently paid by the application of the dividends from the assigned estate of Holm and Thompson, sent the note in suit to the John V. Farwell Company with, and marked upon, the clearing statement of August 17th. The note teller stamped the note with the clearing house conditional stamp, and made his debit and credit entries with respect to it on his book, as though it would be or had been paid by the John V. Farwell Company. He credited bills receivable for the note, and charged the clearing house work for the amount. The John V. Farwell Company struck out from the clearing-house statement the amount of this note, and returned a check for the balance,

also returning this note. On the next morning the teller of the bank canceled the clearing house conditional stamp by running his pen through it, and erased the entries upon the books which had been made the previous day, except that the entry on the bills receivable account was left intact, and the note re-entered in that account as of August 18th. This transaction, however, not being sanctioned by the John V. Farwell Company, cannot operate as payment, or avail to revest the title to the note in the latter company. The entries were canceled. Payment was not made, and the title to the note remained in the bank. If it may be said that the bank desired the present payment of the note by the indorser, it acceded to forego its desire. The bank had the legal right to pursue the maker without present resort to the indorser, and it could lawfully assent to the indorser's desire that the maker should first be pursued. It is, however, said that this was done by arrangement between the bank and the John V. Farwell Company, so that the bank should continue to be the holder of the note, and be able, as a bona fide holder for value, before maturity, to collect the amount of it. Assuming the truth of this contention, it is still true that the bank was the bona fide holder of this note for value, before maturity, and that it had not been paid the amount. If the bank could properly have insisted that the indorser, the John V. Farwell Company, should pay it the amount, and could have retained sufficient of the moneys of the John V. Farwell Company then on deposit in the bank for the payment of this note, it was not obliged so to do, and owed no duty to the plaintiff in error so to do. It had the legal right, however the transaction may be regarded upon moral grounds, to hold this note, and pursue the makers, instead of the indorser; and, if thereby the John V. Farwell Company is enabled to obtain an unfair advantage over the makers of the note, it is still no defense to the note by the makers as against the bank, the bona fide holder for value, before maturity. Bank v. La Follette, 72 Fed. 145. The judgment is affirmed.