AYCOCK BROTHERS LUMBER COMPANY, A CORPORATION, *Appellant*, v. FIRST NATIONAL BANK OF DOTHAN, A CORPORATION, *Appellee*.

VENDOR'S LIEN MAY BE FORCLOSED IN EQUITY AS A MORTGAGE — NEGOTIABLE OBLIGATIONS GIVEN FOR PURCHASE MONEY OF LANDS ARE ASSIGNABLE, AND CARRY WITH THEM TO THE ASSIGNEE THE LIEN HELD BY THE VENDOR AS SECURITY FOR THEIR PAYMENT — KNOWLEDGE OF OFFICERS AND AGENTS OF CORPORATIONS ACQUIRED WHILE ACTING FOR THEMSELVES ANTAGONISTICALLY TO THE CORPORATION IS NOT IMPUTABLE TO THE LATTER.

1.  In equity where the relation of vendor and vendee has been established, by the vendor executing a contract to convey the legal title to property upon the payment by the vendee of the purchase price that he has obligated himself to pay, the vendee is regarded as the real beneficial owner, even though he has not paid the purchase price; the vendor holds the legal title as trustee, and when the terms of the contract are complied with, he is bound to convey. Until those terms are complied with, the legal title remains in the vendor as his security; or, as it is otherwise expressed, he has a lien upon the vendee's equitable estate as security for the payment of the purchase money. In effect, this lien consists in the vendors right to enforce payment of the price by a suit in equity against the vendee's equitable estate in the land, instead of by means of an ordinary action at law to recover the debt. Both in England and America the vendors equitable remedy consists in a suit in the nature of a strict foreclosure, by which the vendee is decreed to pay the price within a limited time, and in default of such payment his equitable estate is foreclosed and sold to pay the purchase price; and in a case where the vendor has sold and assigned the negotiable evidence of indebtedness given for the purchase money and is made a party defendant to such foreclosure proceedings, both his and the vendee's estate in the property would pass by a foreclosure sale under such decree.

2.  Where a negotiable note is given for the purchase money of land, the vendor retaining title as security for its payment, all the essential incidents of a mortgage attach, and a transfer of such note passes an equitable right to the assignee, whether

## VOL. 54, JUNE TERM, 1907. 605

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

the vendor is liable to him or not, to charge the lands with its payment.

3. The established rule is that knowledge acquired by the officers or agents of a corporation, while not acting for the corporation, but while acting for themselves, is not imputable to the corporation.

## *Statement.*

In May, 1906, the appellee, as complainant below, filed the following bill of complaint in equity, with the exhibits "A," and "B," thereto attached, in the circuit court of Jackson county, against the appellant, as defendant below:

"The bill of complaint of the First National Bank of Dothan against Aycock Brothers Lumber Company, alleges:

1. That the complainant is a corporation organized and doing business under authority of the act of congress authorizing the organization of national banks, and is located in the city of Dothan, Alabama;

2. That the defendant is a corporation chartered, organized and doing business under the laws of the state of Georgia, and having its principal place of business in the county of Jackson, state of Florida;

3. That on or about December 12, 1904, one D. C. Carmichael, who was then the owner of the property hereinafter mentioned, contracted with the defendant that he would sell to the defendant, and defendant agreed to buy, certain real and personal property, then and now situated in Jackson county, Florida, for the sum of eight thousand, five hundred and seventy and 14-100 ($8,570.14) dollars, payable on March 1, 1906, and the defendant executed and delivered to the said Carmichael its promissory note for said sum, dated December 12, 1904, to the order of D. C. Carmichael,

with interest at the rate of eight (8) per cent. per annum from maturity until paid, which said note also provided that after default of payment and it should be placed in the hands of an attorney for collection, defendant to pay attorneys' fees of five (5) per cent., if paid before suit, and ten (10) per cent. if paid after suit, and costs of collection.

4. That upon the making of said note, the said Carmichael put the defendant in possession of the said property, but with the agreement between him and the defendant that the title thereto should remain in the said Carmichael until full payment of the said sum agreed to be paid as aforesaid therein by the defendant;

5. That thereafter, to-wit,—on August 4, 1905, in order to evidence the said agreement, the defendant and the said Carmichael executed a contract, setting forth in full the terms of the agreement on the part of the said Carmichael to sell the said property and of the defendant to buy the same, a copy of the said agreement being hereto attached marked Exhibit 'A' and prayed to be made a part hereof, and a copy of the note before mentioned, which is the note also mentioned in the said contract, is hereto attached, and marked Exhibit 'B,' and prayed to be made a part hereof. A full description of the property agreed by the said Carmichael to be sold to the defendant and by the defendant to be bought from the said Carmichael, is contained in the said copy of the contract, and is hereby referred to for particulars thereof;

6. That upon the execution and delivery of the said note and the said contract to the said D. C. Carmichael, he, for a valuable conisderation, assigned and endorsed the said note and assigned and transferred the said contract to the complainant, who thus became and has ever since been the true and bona fide owner of the said in-

debtedness and of the rights of the said Carmichael under the said contract;

7. That although the time for the payment of the said note, and thereby of the consideration to be paid by the defendant to the complainant, has long since past, yet, that the defendant has not paid the said sum evidenced by the said note and mentioned in the said contract to the complainant, nor has it paid any part thereof; and that the said note has been duly presented and protested for non-payment, at a cost to the complainant of two (2) dollars;

8. That the complainant is advised and believes, and therefore avers, that by the said contract and the said assignment from the said D. C. Carmichael, it became and has a right to require the specific performance of the said contract by the defendant, and to obtain from this honorable court a decree that the said defendant shall pay to it the said consideration money, and a declaration that the said amount so decreed shall be a lien upon the said property, and that the same may be sold to satisfy the said lien.

To THE END, THEREFORE, that the defendant may full, true and direct answer make to the premises, under its corporate seal, and to the best and utmost of its knowledge, recollection, information and belief; and that the amount due by the defendant to the complainant, under and by virtue of the said promissory note and the said contract, shall be ascertained under the direction of this honorable court, and that the defendant may be decreed to pay the same to the complainant, within a short time to be fixed by the court, and that the amount so ascertained, together with the attorney's fee as provided in said note, may be decreed to be a lien upon the property described in the said contract; that said property may be sold to satisfy the said lien, and that if the pro-

608    SUPREME COURT OF FLORIDA,

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

ceeds of said sale shall not be sufficient to pay the said sum so decreed, a decree may be entered against the defendant for the amount so remaining unpaid, and that the complainant shall have execution for the residuary sum so decreed against the goods, chattels, lands and tenements of the defendant;

And that the complainant may have such other and further relief as in the premises may seem meet and fit unto this honorable court.

Complainant prays process of subpoena to the defendant Aycock Brothers Lumber Company, returnable according to law and the course of this honorable court.

And complainant will ever pray, etc.

BLOUNT & BLOUNT,<br>Solicitors for Complainant."

"EXHIBIT 'A.'

STATE OF FLORIDA,
JACKSON COUNTY.

This contract made and executed on this the 4th day of August, 1905, between D. C. Carmichael who is now the sole owner of the entire stock and all the property of the Carmichael-Williams Company, formerly doing business in said state and county, parties of the first part, and Aycock Brothers Lumber Company, a corporation organized under the laws of the state of Georgia, doing business in said state and county, party of the second part, WITNESSETH;

1st.

That for and in consideration of the sum of eight thousand, five hundred and seventy dollars and twenty-six cents ($8,570.26), to be paid by said party of the second part to the said parties of the first part, and for

VOL. 54, JUNE TERM, 1907.          609

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

which sum the party of the second part has this day executed its promissory note, payable to the order of the parties of the first part, and becoming due on the first day of March, 1906, the said parties of the first part do hereby agree to sell and convey unto the said party of the second part, the following property, to-wit:

All that certain parcel of land lying and being in the county of Jackson, and state of Florida, described as follows: Beginning seven chains and a half north from the southeast corner of the se¼ of the sw¼, and running west ten chains, thence north thirteen chains and a half to center of railroad bed, thence east nine degrees north ten chains, thence south to the point of commencement—containing fourteen and a half acres more or less, and also the n½ of the sw¼, and all that part of the s½ of the sw¼ lying north of the roadbed of the Louisville & Nashville Railroad, as the same crosses, or did cross, said sw¼ on the twenty-fifth day of February, 1903—all in section 33, township 5 north, range 12 west. Also the following described property, to-wit: The s½ of the nw¼, section 26, township 4 north, and range 12 west, in Jackson county, Florida.

Also the entire rights and interest of the said parties of the first part, in the property embraced in a certain lease, made on the first day of October, 1902, by S. A. Alford, Mary Alford, Alexander Sessions, Nannie R. Sessions, J. R. Alford, Lily Alford, E. J. Stokes, Ophelia Stokes, W. C. Alford and Nannie Alford, to the Morrison Mill Company.

And when the said party of the second part has well and truly paid, or caused to be paid, to the said parties of the first part, the promissory note hereinbefore described, then the said parties of the first part shall make and execute to the said party of the second part a good and sufficient warranty deed of conveyance, conveying

610    SUPREME COURT OF FLORIDA,

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

all of the above described property to the said party of the first part, or its assigns.

For the same consideration, the said parties of the first part, also contract and agree to sell and convey unto the said party of the second part, the following property, to-wit:

Also one steam boiler and engine, located at said Allie, Florida, with all of their attachments and pieces, pulleys, belts and shaftings, as the same now stands. Also one edger, located at said Allie, Florida, with all its attachments, pieces, belts, pulleys and running gear, making it complete. Also one porcupine dry kiln, located at said Allie, Florida, with all of its attachments, pipes and pieces, making it complete as it now stands. Also one locomotive, located at said Allie, Florida, with all of its attachments, machinery and pieces, making the same complete as it now stands. Also one certain lot of oxen and log carts, yokes, bows and chains, cant-hooks, and other attachments now connected with or belonging to the said parties of the first part saw mill business in Allie, Florida. Also the entire right, title and interest of the said parties of the first part to a certain tramroad running out from the said saw mill plant to the timber, together with all the rights of lease on rail and right of way of said tram road—this lease, however, to said tram road and rail is subject to rights existing in the Louisville & Nashville Railroad Company. Also a certain stock of commissary goods, and the entire right, title and interest of the said parties of the first part, in certain timber leases, to timber in townships three and four and ranges eleven and twelve, as shown by leases heretofore turned over to the said party of the second part.

It being expressly understood that the title to all of the above and foregoing personal property, shall be and

VOL. 54, JUNE TERM, 1907.          611

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

remain in the said parties of the first part, until said promissory note has been fully paid off and cancelled.

The said foregoing property has been heretofore, on to-wit, about the 12th day of December, 1904, turned over and surrendered to the said party of the second part, and the property herein referred to and conveyed, relates to the property of these said parties of the first part as it existed, and as it was located and conditioned at the said time of its surrender to the said parties of the second part.

It is expressly agreed that there is no question, or controversy between the said parties of the first part, and the said parties of the second part, as to the amount of the property sold and delivered under this contract, or as to value of same—the said party of the second part receiving and accepting the property hereunder delivered and surrendered to them as the entire property purchased by them from the said parties of the first part, and the value of the same adjusted and fixed at the foregoing consideration, herein named.

In Witness Whereof, the said parties have hereunto set their hands and affixed their seals, and executed this contract in duplicate, on the day and year first above written.

CARMICHAEL-WILLIAMS COMPANY,
By D. C. CARMICHAEL, (L. S.)
AYCOCK BROTHERS LUMBER CO.
By W. E. AYCOCK, Pres., (L. S.)
THOS. J. AYCOCK, Sec'y., (L. S.)·

Witnesses :
B. G. FARMER,
FRANK M. SCARBORO.

612 SUPREME COURT OF FLORIDA,

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

EXHIBIT 'B.'

$8,570.14.                Pensacola, Florida, Dec. 12, 1904.

On March 1st, 1906, after date we promise to pay to the order of D. C. Carmichael eighty five hundred and seventy and 14-100 dollars, for value received with interest at the rate of 8 per cent. per annum from maturity until paid. Payable at the American National Bank of Pensacola, Fla.

All persons now, or hereafter, becoming parties hereto, hereby waive demand and protest and notice of demand, non-payment and protest, after default in payment, and this note shall have been placed in the hands of an attorney for collection. We (I) agree to pay attorneys fee of five per cent. if paid before suit, and ten per cent if paid after suit, and all costs of collection.

AYCOCK BROTHERS LUMBER Co. (L. S.) Endorsed. D. C. CARMICHAEL.    THOS. J. AYCOCK."

To this bill the defendant interposed a demurrer upon the following grounds:

1. That said bill of complaint is vague, indefinite, uncertain and insufficient and does not state a cause which doth or should entitle the complainant to the relief therein prayed.

2. That it is apparent from said bill that the title to the property described therein is still in D. C. Carmichael, and that he is necessary party to this action.

3. That in and by the transfer of the note described in the bill the said D. C. Carmichael did not convey the title or any right to the title of any property mentioned in the bill of complaint to the complainant herein.

4. The complainant has no right to maintain this bill of complaint in manner and form as now set out by seeking foreclosure, as if it were foreclosing a mortgage.

VOL. 54, JUNE TERM, 1907.         613

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

5.   Complainant has a clear and adequate remedy at law.

All of these grounds of demurrer were overruled by the court except the second ground suggesting the propriety of D. C. Carmichael being made a party to the bill.   Thereupon the complainant amended its bill by making the said Carmichael a party defendant thereto.   The defendant Carmichael answered the bill unconditionally admitting all the allegations thereof and consenting to the rendition of any decree that might be justified by the allegations thereof.   The defendant, the Aycock Brothers Lumber Company also answered the bill admitting the making of the note and contract sued upon, but calls for strict proof of the transfer and assignment as alleged of said note and contract, by D. C. Carmichael to the complainant.   Said answer also claims credit on said note and contract for the total sum of $573.47 for an alleged shortage in some of the property purchased from said Carmichael and for moneys paid by the said defendant· for past accrued taxes on the property purchased, and for past due rent of certain of the property due by Carmichael before the sale to the defendant.   Replication was filed and testimony taken and submitted by both parties.   At the final hearing on the bill and amended bill, answer and testimony the court rendered the following final decree:

"In Jackson County Circuit Court, State of Florida.

First National Bank of Dothan,
              vs.
Aycock Brothers Lumber Company.

This cause coming on to be heard upon the bill, answer, replication and the evidence taken in the cause and the same having been submitted by the counsel for

the respective parties, and the court having considered its decree; and the complainant having filed in this court the contract and the note set down in the bill, and of which foreclosure is sought; and the amount due to the complainant by the defendant, principal and interest, to date, having been ascertained under the direction of this court to be the sum of nine thousand, three hundred and forty-eight and 98-100 ($9,348.98) dollars, the court disallowing the items of deduction insisted upon by the defendant in its answer, and the said note providing that the defendant shall pay attorneys' fees of 10 per cent. and all costs of collection;

Now, Therefore, It is Ordered, Adjudged and Decreed, That the said Aycock Brothers Lumber Company, defendant, do pay to the complainant, the sum of nine thousand, three hundred and forty-eight and 98-100 ($9,348.98) dollars, principal and interest as aforesaid, and the sum of nine hundred and thirty-four and 89-100 ($934.89) dollars attorneys' fees, aggregating the sum of ten thousand, two hundred and eighty-three and 87-100 ($10,283.87) dollars, together with the costs of this cause taxed at............dollars, within five (5) days from the date of this decree.

2. That in default of such payment within such time, E. D. Beggs, who is hereby appointed sale master for said purpose, shall sell the said property described in the contract, and hereinafter fully described at public sale to the highest bidder, in front of the court house door in the town of Marianna, Florida, after due and legal advertisement of such sale once a week for four weeks in a newspaper published in said town:

3. That the said master shall file in this court his report of said sale within ten days after the sale, and any person in interest may move for a confirmation at any time after filing said report, and upon notice to the

VOL. 54, JUNE TERM, 1907.     615

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

other parties in interest, or may move for a confirmation without notice, at any time after ten days from the expiration of said ten days, unless there be objections to confirmation filed before the expiration of said twenty days, in which event notice shall be given to the other parties in interest.

4.  That upon confirmation of the said sale the defendant and all persons claiming or to claim the said property by, through or under it, shall be and stand forever barred and foreclosed of and from all right or equity of redemption whatsoever in and to the said property.

5.  The said master shall, after confirmation by the court, execute to the purchaser at said sale, at the purchaser's expense, a deed to the property thus sold, upon the production of which the purchaser shall be let into possession of the said property.

6. That out of the proceeds of the said sale, the said master shall pay,—

a.  The costs of said sale;

b.  The costs of this suit;

c.  Amount of this decree, principal, interest and attorneys' fees as aforesaid. If the said proceeds be insufficient to pay all the said sums, in full, they shall be paid in the order stated.

d.  The balance, if any, to the defendant, Aycock Brothers Lumber Company.

7.  The description of the property to be sold is as follows: to-wit:

All that certain parcel of land lying and being in the county of Jackson, and state of Florida, described as follows:  Beginning seven chains and a half north from the southeast corner of the se¼ of the sw¼, and running west ten chains, thence north thirteen chains and a half to center of railroad bed, thence east nine

degrees north ten chains, thence south to the point of commencement—containing fourteen and a half acres, more or less, and also the n½ of the sw¼, and all that part of the s½ of the sw¼ lying north of the road bed of the Louisville & Nashville Railroad, as the same crosses, or did cross, said sw ¼ on the twenty-fifth day of February, 1903—all in section 33, township 5 north range 12 west. Also the following described property, to-wit: The south ½ of the nw¼, section 26, township 4 north, and range 12 west, in Jackson county, Florida.

Also the entire right and interest of the defendant in the property embraced in a certain lease, made on the first day of October, 1902, by S. A. Alford, Mary Alford, Alexander Sessions, Nannie R. Sessions, J. R. Alford, Lily Alford, E. J. Stokes, Ophelia Stokes, W. C. Alford and Nannie Alford, to the Morrison Mill Company.

One saw mill, located at Allie, in Jackson county, Florida, with all its fixtures, attachments, and pieces, making it complete as it stood on August 4, 1905.

Also one steam boiler and engine, located at said Allie, Florida, with all of their attachments and pieces, pulleys, belts and shaftings, as the same stood on August 4, 1905; also one edger, located at said Allie, Florida, with all of its attachments, pieces, belts, pulleys, and running gear, making it complete; also one porcupine dry kiln, located at said Allie, Florida, with all of its attachments, pipes and pieces, making it complete as it stood on August 4, 1905; also one locomotive, located at Allie, Florida, with all of its attachments, machinery and pieces, making the same complete as it stood on August 4, 1905. Also one certain lot of oxen and log carts, yokes, bows and chains, cant-hooks, and other attachments now connected with, or belonging to D. C. Carmichael's saw mill business in Allie, Florida,

VOL. 54, JUNE TERM, 1907.        617

Aycock Bros. v. First Nat'l. Bank of Dothan.—Statement of Case.

on August 4, 1905, also the entire right, title and interest of said D. C. Carmichael on August 4, 1905, to a certain tram-road running out from said saw mill plant to the timber, together with all of the rights of lease on rail and right of way of said tram road—this lease, however, of said tram road and rail is subject to rights existing in the Louisville & Nashville Railroad Company.

Also, a certain stock of commissary goods, and the entire right, title and interest of said D. C. Carmichael on August 4, 1905, in certain timber leases to timber in townships three and four and ranges eleven and twelve, as shown by the leases on August 4, 1905, turned over by the said D. C. Carmichael to the said Aycock Brothers Lumber Company.

Done at chambers in the city of Pensacola, this 20th day of April, A. D. 1907.    J. EMMET WOLFE, Judge."

To review this decree the defendant below, Aycock Brothers Lumber Company, have appealed here, and assign as error the overruling of the first, third and fourth grounds of the defendant's demurrer to the original bill; and the ruling out by the court of the fourth, fifth and sixth interrogatories propounded to the defendant's witnesses W. E. and T. J. Aycock, and that the court erred in ruling upon such interrogatories without any notice to the defendant of the hearing on the objections interposed to such interrogatories ; and that the court erred in the rendition of the final decree; and erred in not allowing the credit or deduction claimed by the defendant; and in not defining and specifically designating what stock of commissary goods was intended to be embraced in said decree.

*C. L. Wilson,* for appellant;

*Blount & Blount & Carter,* for appellee.

618    SUPREME COURT OF FLORIDA,

Aycock Bros. v. First Nat'l. Bank of Dothan.—Opinion of Court.

TAYLOR, J., *(after stating the facts.)*—It is contended here in support of the first, third and fourth grounds of the defendant's demurrer to the bill, the overruling of which is assigned as error, that the payee of the note D. C. Carmichael never having transferred the legal title to the properties for the purchase-money of which said note was given, but only having executed a contract to convey the legal title when said note was paid, that it is in no sense a mortgage that is subject to foreclosure; that the defendant maker of said note had no title to the property that he could encumber with a mortgage; and that the legal title to the properties still remaining in the original payee of said note he could not assign or transfer to his endorsee of said note and lien that his retention of the legal title to such properties gave him except by conveyance to such endorsee of the legal title to the properties for the purchase money of which said note was given.   The authorities do not sustain this contention, but seem to establish the doctrine that in equity where the relation of vendor and vendee has been established, by the vendor executing a contract to convey the legal title to property upon the payment by vendee of the purchase price that he has obligated himself to pay, the vendee is regarded as the real beneficial owner, even though he has not paid the purchase price; the vendor holds the legal title as trustee, and when the terms of the contract are complied with, he is bound to convey.   Until those terms are complied with, the legal title remains in the vendor as his security; or, as it is otherwise expressed, he has a lien upon the vendee's equitable estate as security for payment of the purchase money according to the terms of the agreement.   In effect, this lien consists in the vendor's right to enforce payment of the price by a suit in equity against the

VOL. 54, JUNE TERM, 1907.          619

Aycock Bros. v. First Nat'l. Bank of Dothan.—Opinion of Court.

vendee's equitable estate in the land, instead of by means of an ordinary action at law to recover the debt. And both in England and America the vendor's equitable remedy consists in a suit in the nature of a strict foreclosure by which the vendee is decreed to pay the price within a limited time, and in default of such payment the vendee's equitable estate is foreclosed and sold to pay the purchase price; and in a case like the one at bar where the vendor has sold and assigned the negotiable evidence of indebtedness given for the purchase money and is made a party defendant to such foreclosure proceedings, both his and the vendee's estate in the property would pass by a foreclosure sale under the decree.   3 Pomeroy's Eq. Jur. § 1261 *et. seq.* and citations in notes; 6 Pomeroy's Eq. Jur. § 863; Robinson v. Appleton, 124 Ill. 276, 15 N. E. Rep. 761; 2 Warvelle on Vendors (2nd ed.) § 713; Amory v. Reilly, 19 Ind. 490. It is also well settled that where a note is given for the purchase money of land, the vendor retaining title as security for its payment, all the essential incidents of a mortgage attach, and a transfer of the debt for the purchase money passes an equitable right to the assignee, whether the vendor is liable to him or not, to charge the lands with the payment. Wolffe v. Nall, 62 Ala. 24; Comer v. Banks, 18 Ala. 42, S. C. 52 Am. Dec. 209; Wright v. Troutman, 81 Ill. 374; Stevens v. Chadwick, 10 Kan. 406, S. C. 15 Am. Rep. 348; Graham v. McCampbell, Meigs (Tenn.) 52, S. C. 33 Am. Dec. 126; 2 Warvelle on Vendors (2nd ed.) § 716; 6 Pom. Eq. Jur. § 854.

In support of the next assignment of error it is contended that the court erred in excluding evidence tending to establish a shortage in some of the property for the purpose of which the note involved was given,

and tending to establish as a partial set off against said note payments made by the defendant for rent and taxes that had accrued on part of the property prior to its sale to the defendant by D. C. Carmichael. There is no error here. The note involved is a negotiable instrument, assigned to the complainant bank, before its maturity for value and without notice of any infirmities, and in its hands it was not subject to the partial defense sought to be established against it by the excluded questions. But it is further contended that D. C. Carmichael, the original payee of the note, was, at and before the time of its transfer to the complainant bank, vice-president of such bank, and that he had knowledge and notice of such shortage in the property, and of such payments for past accrued rent and taxes, and that the corporate bank of which he was vice-president is also chargeable with such knowledge when it took the note from him. The authorities do not sustain this contention, but, on the contrary, established the rule that the knowledge acquired by the officers or agents of a corporation, while not acting for the corporation, but while acting for themselves, is not imputable to the corporation. 10 Cyc. 1063; I Morse on Banks (4th ed.) § 109; Benton v. German-American Nat. Bank, 122 Mo. 332, 26 S. W. Rep. 975; Findley v. Coweles, 93 Iowa 389, 61 N. W. Rep. 998; First Nat. Bank of Brandon v. Briggs, 70 Vt. 594, 41 Atl. Rep. 580; Holm v. Atlas Nat. Bank, 84 Fed. Rep. 119, 28 C. C. A. 297; Graham v. Orange Co. Nat. Bank, 59 N. J. L. 225, 35 Atl. Rep. 1053.

The decree appealed from is hereby affirmed at the cost of the appellant

PARKHILL, J., concurs;

SHACKLEFORD, C. J., and COCKRELL and WHIT-FIELD, JJ., concur in the opinion.

HOCKER, J., (concurring).—I concur with Justice TAYLOR in affirming the decree below. In doing so, however, it is proper to say that the several grounds of demurrer attack generally the equity of the whole bill, and are not addressed to any special defect therein. Therefore, if there is any equity in the bill, the decree which is in accordance with the allegations and prayers of the bill should be affirmed. It seems to me that there is equity in the bill inasmuch as it seeks to foreclose against the vendee, in behalf of the assignee of the vendor, an equitable lien or mortgage for the purchase money of real estate,—the contract of sale showing that the vendor retained the legal title in himself until the purchase money should be paid, and he being a party defendant to the bill. This kind of a vendor's lien is, in some respects different from the lien of a grantor for purchase money, who has conveyed the legal title to the purchaser, and is assignable. The authorities cited by Justice TAYLOR, as well as others sustain this equity.