JOHN F. NELEN vs. SMITH BROS. AUTO SALES, INC.

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Promissory Notes.  Payment.*

Plaintiff was payee of a note secured by mortgages on chattels.  Defendant ·maker of the note sold some of the mortgaged property. ˙ After action brought on the note the vendee of the property for the purpose of saving himself from a threatened action of replevin paid the balance on the note under an agreement with plaintiff that he would be reimbursed after collection of the balance from defendant and plaintiff testified that in continuing the action he was acting for the benefit of the purchaser.

*Held,* that as the payment was made neither for the benefit of defendant nor for the purpose of paying the note, the liability of defendant was not extinguished.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN. J.    This is an action in assumpsit to recover the balance due on a promissory note.   The cause was tried by a justice of the Superior Court sitting with a jury. Said justice directed a verdict for the plaintiff for $534.50. The case is before us on the defendant's exception to the action of said justice in directing a verdict for the plaintiff and also on the defendant's exception to the refusal of said justice to direct a verdict for the defendant.

The plaintiff loaned the defendant $2,200.00 and received as evidence of the indebtedness the defendant's promissory note for $2,200.00 secured by a mortgage on two automobiles.   The defendant without the plaintiff's consent sold one of the said automobiles to Frederick R. Devine and thereafter paid the plaintiff $1,700.00 on account of said note.

This suit was brought to recover the balance due on said note.   After the suit was commenced but before it was tried, the plaintiff, learning that one of said automobiles was in the possession of said Devine, threatened to replevin it from Devine who thereupon paid to plaintiff the amount which was due on said note.   Devine did not make the

payment for the benefit of the defendant or for the purpose of paying the note but solely for the purpose of saving himself from annoyance and expense. The plaintiff and Devine each testified that it was agreed between them that the plaintiff would reimburse Devine after the balance due on the note was collected from the defendant and that the plaintiff, in proceeding with this action after receiving the payment from Devine, was acting for the benefit of Devine.

The defendant is not entitled to the benefit of the payment made by Devine. As the payment was made neither for the benefit of the defendant nor for the purpose of paying the note the action of Devine in making said payment did not extinguish the defendant's liability on the note.

The defendants' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed by the court.

*Rosenfeld & Hagan,* for plaintiff.
*William A. Heathman,* for defendant.