### SHANKS v. FIRST STATE BANK OF COAHOMA et al.

### No. 1250.

Court of Civil Appeals of Texas. Eastland.
March 30, 1934.

G. B. Cunningham, of Big Spring, for appellant.

Thomas & McDonald, of Big Spring, for appellees.

LESLIE, Justice.

The First State Bank of Coahoma instituted this suit against Vincent Gin Company, a firm composed of Thurman Roberts, W. C. Russell, and M. A. Shelton, W. Homer Shanks, L. W. Jones. and C. L. Jones on a vendor's lien note for the sum of $1,000, given by said Shanks to said Jones for four acres of land out of the N. W. ¼ of section 12, block 26, Houston & Texas Central Railway Company survey, Howard county, Tex. The tract of land was subsequently sold by Shanks to the partnership who assumed the payment of the note. After filing suit, the bank became insolvent and passed into the hands of James Shaw, the banking commissioner who intervened as such in the suit. The bank alleged that it purchased the vendor's lien note and the lien securing the same from W. J. Behrens, the legal holder and owner thereof.

L. W. and C. L. Jones denied liability on said note as indorsers thereof. The judgment sustained their contention and no appeal is prosecuted from that holding.

W. Homer Shanks filed an answer denying liability as maker of the note and alleged that said Roberts, Russell, and Shelton had purchased the land for which the note had been given and had expressly assumed payment thereof; that the note had been paid with funds advanced by the First State Bank of Coahoma to the Vincent Gin Company for the purpose of paying said vendor's lien note. He also set up a cross-action against Roberts, Russell, and Shelton on other vendor's lien notes given to him as part purchase price for the four acres of land. He resisted judgment against him on the $1,000 note and sought judgment and foreclosure as against Roberts, Russell, and Shelton on the notes they executed to him.

Trial was had before the court without a jury and judgment was rendered in favor of the appellee James Shaw against the Vincent Gin Company, composed as aforesaid, and W. Homer Shanks for the amount of the note, interest, attorney's fees, etc., and foreclosure of the lien against the land. It was decreed that the judgment should be collected first from Roberts, Russell, and Shelton, and then resort be had to W. Homer Shanks. From this judgment Shanks alone appeals.

There are two assignments and two propositions thereunder, in substance presenting that the court erred in rendering the judgment in favor of the appellee because the evidence conclusively showed that the note in suit was not purchased by the First State Bank for the benefit of the same, but was purchased at the request of Thurman Roberts, one of the partners of the gin company, for the benefit of that company, and paid for with funds advanced to the gin company, by the bank for that purpose.

■■ Upon request, the trial court has filed findings of fact and conclusions of law. There is also a statement of facts in the record. We have carefully considered these in the light of the appellant's contentions. It is obvious that the controlling question in this appeal is whether or not the $1,000 note was sold and transferred by the owner, W. J. Behrens, to the bank, or was taken up by funds of the gin company with the intention of discharging the obligation as such. The bank had had no previous connection with the note or other transactions involving the same. The trial court has found that "the note was transferred and assigned by W. J. Behrens without recourse on him, to the First State Bank of Coahoma, Texas, the said First State Bank of Coahoma paying the face value of said note to W. J. Behrens at the time of the transfer," and that the said bank was the "due holder of the aforesaid note," at the time of the institution of the suit.

The most that can be said about this issue is that the pertinent testimony thereon was conflicting, and the trial court has resolved such conflict in favor of the plaintiff. It is, therefore, not within the power of this court to disturb that conclusion thus supported by the testimony any more than could this court disturb the finding of a jury upon such issue of fact. Dolen v. Lobit (Tex. Com. App.) 262 S. W. 731; Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171; Hart v. Huie (Tex. Civ. App.) 15 S.W.(2d) 654; 3 Tex. Jur. § 771, p. 1102; 3 Tex. Jur. § 768, p. 1096.

Under the subject of Bills and Notes in 6 Tex. Jur. § 177, p. 814, it is said: "Whether the payment made by a third person will operate to discharge the paper, depends upon the circumstances. If a stranger advances the amount of the instrument under an arrangement that he is to furnish the money

446

and hold the note until it is paid, the transaction is regarded as a purchase rather than a discharge of the paper."

In the case of Horton v. Manning, 37 Tex. 23, a case similar to the instant one, and where the note was paid at the instance of the maker, and a contention was made that such action constituted payment, it was held: "There can be no doubt that J. M. Manning, the appellee in this case, on paying the amount of the note sued on to Weir, who held the same for collection as the property of Donaldson, became the legal and bona fide owner of the same, and was fully authorized by law to sue the makers and indorser in his own name; and the fact that S. M. Horton and McDonald requested him to advance the money, and take the note out of the hands of the attorney, who was about to bring suit on the same, in no wise affected the liability of either the makers or indorser."

For other authorities to the same effect, see Grogan v. Smith (Tex. Civ. App.) 33 S. W. 276; Dillon v. Kauffman & Runge, 58 Tex. 696; Henry v. Bounds (Tex. Civ. App.) 46 S. W. 120; Ploeger v. Johnson (Tex. Civ. App.) 26 S. W. 432; Nelen v. Smith Bros., 45 R. I. 245, 121 A. 394; McDonnell v. Burns (C. C. A.) 83 F. 866; Zeigler v. Creditors, 49 La. Ann. 144, 21 So. 666; Dent v. Matthews, 202 Mo. App. 451, 213 S. W. 141.

Further, it is stated in 8 C. J. § 826, p. 588, that: "If a bill or note is paid after its maturity by a stranger to the paper, it will, in general, be held to be a purchase and not a payment of the instrument. Whether it is a payment or purchase is a question of intention to be determined as a fact from the acts and declarations of the parties and from the surrounding circumstances. *However, an agreement between the maker and the third person is not the controlling force, it is the agreement between the third person and the holder that controls.* If the parties to the transaction clearly intended to purchase, it will operate as such without regard to the mode adopted to accomplish the result." (Italics ours.)

The following authorities are to the same effect: Carter v. Burr, 113 U. S. 737, 5 S. Ct. 713, 28 L. Ed. 1147; Dodge v. Freedman's Sav. & Trust & T. Co., 93 U. S. 379, 23 L. Ed. 921; Holm v. Atlas Nat. Bank (C. C. A.) 84 F. 119; Cantrell v. Davidson, 180 Mo. App. 410, 168 S. W. 271; Wing v. Union Central Life Ins. Co., 181 Mo. App. 381, 168 S. W. 917; Brannan's Negotiable Instrument Law, p. 752.

From these authorities, it will be observed that the payment for and receipt of a note by a stranger to it, is presumptively a purchase and not a payment of the note. Such authorities are specially applicable to the facts in this case where the note in suit was transferred by the owner thereof to the plaintiff bank by indorsement as follows: "For value received ——— hereby sell, transfer and assign to First State Bank of Coahoma, Texas, the within note together with the vendor's lien and deed of trust lien on the property securing same, without recourse on W. J. Behrens." Name W. J. Behrens being written in ink.

In this case the trial court's positive findings of fact are supported by favorable presumptions. The appellant's contentions are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.