GERTRUDE S. BOOTH, AS ADMINISTRATRIX OF THE ESTATE OF JOHN F. SNELSON, DECEASED; GERTRUDE S. BOOTH, AND HER HUSBAND, JOHN S. BOOTH; INA J. WRENCH, AND HER HUSBAND, FRANK WRENCH, F. R. SNELSON AND HULDA MAY SNELSON, A MINOR, *Appellants*, v. F. H. BOBBITT AND LELIA H. BOBBITT, HIS WIFE, *Appellees*.

Division A.

Opinion Filed October 19, 1927.

*E. G. Baxter,* for Appellants;

*W. T. Martin* and *J. C. Davant,* for Appellees.

BROWN, J.—This is a bill brought by the vendors against the vendee's administratrix and heirs-at-law to enforce a contract for the purchase of certain lands. The defendant administratrix and the adult heirs-at-law demurred to the bill as amended. This demurrer was overruled. From the order overruling the demurrer the defendants have taken this appeal. The only grounds of demurrer which, in our opinion, merit any consideration are those regarding the propriety of the parties defendant, the question of adequate remedy at law, the sufficiency of the tender made by the vendors to the defendants, and the propriety of the relief prayed.

A part of the purchase money had been paid by the vendee as provided in the contract, and then there was a default for considerably more than sixty days in the pay-

ment of the balance, and, taking advantage of an acceleration clause in the contract, the vendors elected to declare the full amount of the balance of the purchase money due and payable, notifying the administratrix in writing of such election, and on the same date making claim in writing against the estate of the vendee for the payment of the remaining note with interest, such claim being filed within the time required by our statute of non-claims. The bill further alleged that the vendors had tendered a good and sufficient warranty deed in fee simple, together with an abstract, to the administratrix, in accordance with the terms of the contract as regarded the making of such tender to the vendee, and had offered to deliver same upon the payment of the said note with interest, and the bill goes on to allege that complainants "do here and now offer and tender to deliver said deed and to furnish said abstract upon the payment of said note and interest, costs and attorney's fees, as provided in said contract and note, which said deed and abstract are deposited in the registry of the Court," etc. The prayer of the bill is that the defendants be required to carry out the terms and conditions of the said contract and to accept and receive the said deed of complainants so offered and tendered, and that an accounting be had between the complainants and said administratrix as to the amount due upon said notes, both principal and interest, and attorney's fees, and amounts paid by complainants for taxes and other disbursements, referred to in the bill, and that said administratrix be required by an order of the Court to pay forthwith into the registry of the Court the amount found to be so due on said accounting, together with the costs of this suit; and, in default thereof, that execution issue against the said administratrix for such amount as might be found to be due on said accounting.

The case of Morgan v. Eaton, 59 Fla. 562, 52 So. 305, is a case in many respects similar to the case at bar. In that case, this Court, speaking through TAYLOR, J., said: "It is the settled rule that the remedy by specific performance is mutual as between vendor and vendee, and, where the remedy is sought by the vendor, it makes no difference that the relief he seeks thereby is only to enforce the payment of a specific sum of money, a suit by a vendor for specific performance of a contract for the sale of land cannot be defeated on the ground that there is a remedy at law." (Citing authorities). See also 3rd Ed. Pomeroy on Spec. Perf., Sec. 6.

In an action by the vendors to · enforce against the vendee's personal representative and heirs-at-law a contract for the purchase of land, the vendee's personal representative should ordinarily be made a party defendant, since it is his duty to make payment. The heirs or devisees of the deceased vendee are proper defendants, since the conveyance is to be made to them. 36 Cyc. 764, 765; Pomeroy on Spec. Perf., Sec. 496.

By the rule in some jurisdictions, a tender of a deed by the vendor is unnecessary as a prerequisite to suit for specific performance against the vendee, or his personal representative and heirs-at-law. But the weight of authority appears to be that as a general rule the tender of a deed as required by the contract is a necessary prerequisite to such a suit unless some valid excuse is shown for failure to make such tender. 36 Cyc. 701, 702. This is especially the case where the stipulations are mutual and dependent—that is, where the deed is to be delivered upon the payment of the purchase price. "In such case an actual tender and demand by one party is absolutely necessary to put the other in default and to cut off his

right to treat the agreement as still subsisting.'' Pomeroy on Spec. Perf., Sec. 361.

Where the payment of the last installment of purchase money by the vendee and the conveyance of the title by the vendor are concurrent and dependent acts, the vendor, before he can maintain a bill for specific performance against the vendee, must tender to the vendee (or his personal representative in case of his death) such a conveyance of the title as is required by the contract, unless the vendee has repudiated the contract, or there be some other valid reason for not making such tender. The tender need not, however, be unconditional. Such tender must necessarily from its nature be conditional, dependent on and to be performed only in case of the readiness of the other party to perform his part of the agreement of purchase by paying the balance of the purchase price. In Shouse v. Doane, 39 Fla. 95, 21 So. 807, which was a suit by the vendee, the reverse of the foregoing proposition was laid down; that is, in a suit by the vendee to require the vendor to execute and deliver the deed called for by the contract, the vendee must make a tender of the balance due on the purchase price, conditional, however, upon readiness on the part of the vendor to perform his part of the contract. It is a poor rule that will not work both ways. Necessarily, the same principle applies to the vendor—he must tender the deed, conditional of course upon the payment by the vendee of the balance due.

The character of relief prayed, that is, that the defendant administratrix and heirs-at-law of the deceased vendee be required to specifically perform by accepting the deed and abstract tendered in alleged accordance with the contract, and by paying the balance due on the contract price therefor, and that upon failure to do so execution be issued against the said defendant administratrix for the amount

of such balance found to be due—seems to have been an appropriate prayer for relief in such a case as this, though of course the Court is not bound by the prayer but may grant such relief as the facts and equity call for. See Morgan v. Eaton, *supra*.

What is said above is of course not in conflict with the rule laid down in Forssell v. Carter, 65 Fla. 512, 62 So. 926, and Realty Securities Co. v. Johnson (Fla.) 111 So. 532; which dealt with the question of forfeiture of contract.

Where, as here, the complainants are not seeking to have the contract declared forfeited, but merely to require the vendee's personal representative and heirs-at-law to specifically perform the contract, and upon failure to do so, for process of execution against the deceased vendee's estate for the balance due under the contract, we think this Court is committed to the rule above stated, and which seems to be favored by the weight of authority, by reason of the decision of this Court in the case of Shouse v. Doane, *supra*.

The bill as amended appears to be good as against the grounds of demurrer interposed to it by the appellants, and as there is equity in the bill, we hold that the chancellor was free from error in overruling the demurrer interposed to such bill as amended.

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.