MIAMI BOND AND MORTGAGE COMPANY, a Corporation of the State of Florida, *Appellant,* vs. THOMAS J. BELL and ELIZA PFIEL BELL, his wife, *Appellees.*

En Banc.

Opinion filed March 28, 1931.

*Shutts & Bowen,* for Appellant;

*Botts & Field,* for Appellees.

BUFORD, C.J.—D. P. Davis was the owner of certain real estate in Dade County. He entered into a contract to sell such real estate to Thomas J. Bell and Bell agreed to buy the property under the terms and conditions of a contract executed by the parties. The terms of payment were as follows:

> "And the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of $2750.00 (Twenty Seven Hundred and Fifty Dollars) to be paid as follows: $100.00 (One

Hundred Dollars) Dollars cash in hand, the receipt of which is hereby acknowledged and the balance of $2650.00 on terms of $1200.00 payable in 60 monthly installments of $20.00 each and said monthly payments to begin on March 14, 1923, and $1450.00 payable 5 years after date with interest at the rate of 8 per cent per annum, payable semi-annually, said deferred payments to be evidenced by promissory notes of even date herewith. Time being the essence of this contract, failure to pay any of the above notes within thirty days after maturity, all payments become due and payable on demand. And the party of the second part agrees to all taxes, assessments or impositions that may be legally levied or imposed on said land subsequent to the date first above written.''

Thereafter Davis sold and assigned the contract and notes conforming thereto, and made a part thereof, to D. P. Davis, Incorporated, and thereafter D. P. Davis Incorporated sold and assigned the contract and notes to the complainant herein. Bell defaulted in payments as it is alleged under the terms of the contract on July 15, 1926, after having paid the sum of $820.00 on the first note and continued in default up to the time of the institution of the suit. The complainant filed a bill to foreclose the equity of the appellees in the lands described in the sales contract on July 21, 1927. The bill was several times amended. The defendant, Thomas J. Bell, answered. Exceptions were filed to the answer. An order was made sustaining exceptions to and striking certain parts of the answer and at the same time order was made overruling and denying the motion to strike that part of the answer reading as follows:

"This defendant further alleges that neither the said D. P. Davis nor D. P. Davis Inc., nor the complainant,

has ever tendered to defendant a deed conveying to this defendant said property free and clear of all encumbrances, and at the same time demanding of this defendant payment for said lot.''

This is not a suit at law to recover the full purchase price of lands agreed to be conveyed; nor is it one for specific performance of a contract and, therefore, the rule that, ''Where in a contract for the sale of land the covenant of vendee to pay the purchase price and the covenant of vendor to convey are dependent and both covenants are to be performed at the same time and tender of deed is a condition precedent to an action at law to recover the total purchase price and to the maintenance by the vendor of an action in equity for the specific performance of the contract'' is not applicable.

The rule above stated is applicable in a suit at law to recover the total purchase price because the before plaintiff will be entitled to recover the value, he must deliver that for which the value is to be paid and likewise where the suit is for specific performance the complainant must have offered to do and perform all things that would entitle him to the relief prayed and amongst other of such things must have tendered a conveyance as contemplated by the contract. Otherwise, he would be asking that the defendant be required to perform while he had not performed. This suit is like that of Aycock Bros. Lbr. Co. vs. First National Bank of Dothan, 54 Fla. 604, 45 Sou. 501, and Edmunds vs. Gracey, 61 Fla. 593, 54 Sou. 899. In the former case the Court said:

''In equity where the relation of vendor and vendee has been established, by the vendor executing a contract to convey the legal title to property upon the payment by the vendee of the purchase price that

he has obligated himself to pay, the vendee is regarded as the real beneficial owner, even though he has not paid the purchase price; the vendor holds the legal title as trustee, and when the terms of the contract are complied with, he is bound to convey, Until those terms are complied with, the legal title remains in the vendor as his security; or, as it is otherwise expressed, he has a lien upon the vendee's equitable estate as security for the payment of the purchase money. In effect this lien consists in the vendors right to enforce payment of the price by a suit in equity against the vendee's equitable estate in the land, instead of by means of an ordinary action at law to recover the debt. Both in England and America the vendors equitable remedy consists in a suit in the nature of a strict foreclosure, by which the vendee is decreed to pay the price within a limited time, and in default of such payment his equitable estate is foreclosed and sold to pay the purchase price; and in a case where the vendor has sold and assigned the negotiable evidence of indebtedness given for the purchase money and is made a party defendant to such foreclosure proceedings, both his and the vendee's estate in the property would pass by a foreclosure sale under such decree.

Where a negotiable note is given for the purchase money of land, the vendor retaining title as security for its payment, all the essential incidents of a mortgage attach, and a transfer of such note passes an equitable right to the assignee, whether the vendor is liable to him or not, to charge the lands with its payment.''

The allegation contained in the answer above quoted which is attacked by an exception and a motion to strike constitutes no defense in a suit of this kind because here the final decree, if in favor of the complainant, would be

that the defendant owes a certain balance and that upon the payment of that balance to the complainant the complainant execute to him a conveyance in accordance with the terms of the contract and that upon failure to pay the amounts found to be due the complainant by the defendant, that the defendant be foreclosed of all his equity, right, title and interest in and to the property involved.

It is, therefore, seen that the same reason for requiring the tender of a deed before demand by action at law for the full purchase price, or before filing suit for specific performance of the contract, does not obtain where the suit is brought to foreclose the vendee's equity in the property contracted to be purchased after a default by the vendee in payments in accordance with the terms of such contract.

For the reasons stated, the order appealed from should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.