E. B. SMALLEY, also known as Ernest B. Smalley, and his wife, *Appellants*, v. SOVEREIGN FINANCE COMPANY, a Florida corporation, *Appellee*.

135 So. 558.

Division B.

Opinion filed June 17, 1931.

*Whelan & Weintraub,* of Miami, for Appellants;
*S. Grover Morrow,* of Miami, for Appellee.

DAVIS, J.—The court below over-ruled general and special demurrers to a bill of complaint seeking foreclosure against vendees for the purchase price of lands which had been bought by appellee under a typical real estate sales contract common to land transactions in Florida during the days of the now vanished "boom".

The only point of law presented by the appeal which merits discussion is whether tender of a deed by vendor before suit for foreclosure of a vendor's lien is a condition precedent to a suit in equity against the vendee in possession, as distinguished from an action for specific performance of the contract of purchase, or for its rescission.

In this jurisdiction the rule seems to have become established beyond controversy to the effect that where the suit

is for specific performance, or for rescission, of a real estate sales contract, that the complainant cannot proceed against the defendant without alleging actual performance of the agreement on his part or a tender and refusal when the covenants for payment of the purchase price and conveyance of title are considered dependent. Sanford v. Cloud, 17 Fla. 532; Shouse v. Doane, 39 Fla. 95, 21 So. 807; McKinnon v. Johnson, 54 Fla. 538, 45 So. 451; Booth v. Bobbitt, 94 Fla. 704, 114 So. 513; Walker v. Close, 98 Fla. 1103, 125 So. 521.

The bill of complaint in the instant case did not allege tender of a deed by vendor and a refusal by the vendee. It did, however, aver that the complainant (the vendor under the sales contract which was made a part of the bill of complaint by apt words) had performed all of the covenants and provisions of said sales contract and said notes on its part to be kept and performed, and that it stood ready, willing and able to convey the land involved by good and sufficient warranty deed of conveyance to the defendants (vendees) upon their compliance with the terms and provisions of said sales contract and promissory notes. It also alleges that vendees had been let into possession of the lands under the sales contract and were still in possession of the lands under such contract without having made the payments covenanted to be made by them.

In a case of foreclosure of a vendor's lien as against his vendee in possession of lands under a sale contract, the vendor or complainant must, when asking for the enforcement of the lien, show that he is not himself in default, by averring that so far as he is concerned his obligations have been fulfilled or that he is ready, able and willing to fulfill them at the proper time. It is sufficient to make in the complaint an offer to convey, or to tender a deed in court, the rule being different in cases of foreclosure from that which is enforced when the vendor is proceeding at law on

the contract, or in equity for specific performance or rescission.

The reason for this difference is that where vendee is in possession of the land under a sales contract, and suit is brought to enforce payment of the balance unpaid on the purchase price, the equity court has full power before enforcing the lien, to protect the possession and interests of the purchaser by ordering the execution of a deed and its deposit in court, as a condition precedent to requiring payment to be made by the vendee. Walsh v. Coghlan, 33 Idaho 115, 190 Pac. 252; Troast v. Anjou, 172 N. Y. S. 383; Ames v. Milam, 53 Okla. 739, 157 Pac. 941; Stevenson v. Polk, 71 Iowa 278, 32 N. W. 340; Davis v. Smith, 88 Ala. 596, 7 So. 159; 39 Cyc. page 1850.

The demurrers were properly over-ruled and the decrees appealed from are therefore affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.