J. B. BROWNLOW and his wife, LAURLA L. BROWNLOW, *Appellants*, vs. W. T. HARRISON, INC., a corporation, GEORGE MOORE and MAUDE C. KIBBEN, *Appellees*.

135 So. 848.

Division A.

Opinion filed July 9, 1931.

*Jones & White*, for Appellants;

*Joseph W. Nichols* and *T. Hagood Gooding*, for Appellees.

BUFORD, C.J.—The appellants were defendants in the court below and the appellees were complainants in the court below.

George Moore, Maude C. Kibben and W. T. Harrison, Inc., were the owners of a certain twenty (20) acre tract of land, each owning an undivided one-third (1/3) interest therein. W. T. Harrison Inc. conveyed to Brownlow its undivided 1/3 interest in the land and George Moore, Maude C. Kibben, joined by her husband Edward Kibben, conveyed their undivided two-thirds (2/3) interests in the land to the said Brownlow. The two conveyances were in one trade or transaction. Prior to that time one W. T. Harrison, who afterwards conveyed his interest in the land to W. T. Harrison, Inc., George Moore and Maude C. Kibben were indebted to Brownlow in the sum of $9005.00, which indebtedness was evidenced by six promissory notes dated the 4th day of October, 1924. One note was for $2,-000.00 due on or before one year from date; one note was for $1,000.00 due on or before one year from date; one note was for $1,000.00 due on or before two years from date; one note was for $2,000.00 due on or before two years from date and one note was for $1,000.00 due on October 4th, 1927, and one note was for $2,005.00 due on or before three

years after date. To secure the payment of these notes they had mortgaged the NE¼ of the NE¼ of section 28, Township 28 S., Range 16 East, which included the 20 acres above referred to, the same being the West half of the tract last above described.

W. T. Harrison, joined by his wife, conveyed the undivided 1/3 interest belonging to W. T. Harrison to W. T. Harrison, Inc., and as a part of the consideration of the last named conveyance W. T. Harrison, Inc. assumed and agreed to pay the mortgage debt. Prior to the 21st day of June, 1927, the mortgagors paid to Brownlow the note for $2,000.00 due one year from date, the note for $1,000.00 due one year from date, the note for $1,000.00 due two years from date with interest thereon, and had paid $1,-000.00 on the principal and $320.00 interest on the note for $2,000.00 due on or before two years from date, and had paid the interest on the note for $2005.00 up to October 4, 1925, and had paid the interest to October 4, 1926, on the $1,000.00 note due on or before October 4, 1927. On June 21, 1927, there was a balance due on the original obligation in the sum of $4005.00 with interest from the dates above mentioned. Brownlow then re-purchased the 20 acres of land above referred to from Moore, Kibben and W. T. Harrison, Inc., and in consideration therefor agreed to pay the vendors a sum equal to the principal and interest due on the notes aforesaid and in lieu of paying cash, to cancel the notes then unpaid and to cancel and satisfy the mortgage. Brownlow, in pursuance of this agreement executed and delivered a satisfaction in full of the mortgage, which was placed upon record, and returned to Moore, Kibben and W. T. Harrison, Inc. the note for $2,000.00 due on or before two years after date, on which $1,000.00 had been paid, and the note for $2005.00 due on or before three years after date, but did not return the note for $1,000.00 due on or before October 4th, 1927, although he then and there distinctly promised to do so without delay,

nor did he pay the balance of $1,000.00 as represented by such note.

It developed that Brownlow had theretofore endorsed and delivered the $1,000.00 note to his daughter, Sue Brownlow. She afterwards married one Hayes and she, joined by her husband, about the 29th day of December, 1928, filed suit against W. T. Harrison and George Moore on the note for the principal and interest thereon. Judgment was recovered by plaintiffs in that suit.

It is shown that Brownlow had endorsed and delivered the note to his daughter before he purchased the 20 acres of land from Moore, Kibben and W. T. Harrison, Inc., and that he deceived the vendors by causing them to believe that he had the note in his possession and could and would deliver the same in lieu of cash as consideration of the conveyance. The complainants claimed a vendor's lien on the property for the $1,000.00 and interest, the amount of the judgment recovered by Mrs. Hayes and her husband against two of the complainants as above stated.

The final decree awarded relief prayed, declared a lien upon the 20 acres of land in favor of the complainants and ordered it sold to satisfy the lien.

The appeal is from the final decree as well as from an order overruling a demurrer to the amended bill of complaint. We admit that the amended bill of complaint is not as clear in its allegations as it might have been, but it is not so ambiguous as to be misleading, misunderstood or misconstrued. The allegations of the bill are that Brownlow agreed to pay $4005.00 for the land and that the complainants agreed to accept in lieu of cash certain notes which they were obligated to pay in the sum of $4005.00, and Brownlow agreed to deliver those notes in lieu of cash. The proof is that he did not deliver the cash, nor did he deliver all of the notes in lieu thereof, and that at the time he agreed to deliver the notes he had already parted with the title to one note for $1,000.00 which he could not de-

liver and, therefore, he owed the complainants $1,000.00 as part of the purchase price of the land, together with interest thereon from the date of the agreement and conveyance.

Under the conditions above stated, the vendors acquired a lien by implication of law for the unpaid part of the purchase price. In DeLong vs. Bass, 66 Fla. 410, 63 Sou. 723, this Court held:

"A vendor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no express lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the unpaid purchase price. A subsequent purchaser with notice of a vendor's implied lien takes the land subject to the prior equity of the original vendor. Bowen v. Grace, 64 Fla. 28, 59 South. Rep. 563; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272.

"Where by direction of the purchaser of land the title thereto is conveyed to another, the vendor's lien for the purchase money by implication of law attaches to and follows the land in the hands of the grantee, without any special agreement for its retention, and binds the land as if it were conveyed to the person who undertakes to pay the purchase money. See 29 Am. & Ency. Law p. 746; Crampton v. Price, 83 Ala. 246, 3 South. Rep. 519; Beal v. Harrington, 116 Ill. 113, 4 N. E. Rep. 664."

See also Bradford vs. Martin, 2 Fla. 473; Wooten vs. Billinger, 17 Fla. 289; Johns vs. Sealey, 94 Fla. 851, 114 Sou. 452; Patton v. Meddick, 97 Fla. 1073, 122 Sou. 710.

No reversible error is made to appear by the record and the decree appealed from should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.