WOODS-HOSKINS-YOUNG COMPANY, a Florida corporation, *Plaintiff in Error* vs. CARL H. DITTMARR, *Defendant in Error.*

136 So. 710.

Division B.

Opinion filed September 22, 1931.

*McCune, Hiaasen & Fleming,* of Fort Lauderdale, for Plaintiff in Error;

*S. Grover Morrow,* of Miami, for Defendant in Error.

DAVIS, J.—This writ of error was taken by the plaintiff in the court below to a final judgment entered on an order sustaining a demurrer to its declaration. The declaration was by the vendor on an executory contract for the sale of lands where the covenants were mutual and dependent. The plaintiff alleged that it had com-

plied with the contract on its part and made tender of deed and title policy as required by its agreement, and accordingly sued at law for the balance due on the agreed purchase price as provided by the covenant of the vendee agreeing to pay same.

The contract sued on was executory. The plaintiff vendor alleged that it had not conveyed the title to the lands to the defendant purchaser but had tendered the same and that the latter had not completed the prescribed payments. At the time of the institution of the suit the legal title to the lands was therefore still vested in the plaintiff-vendor. Under the terms of the stated contract the vendee of the land was shown to have covenanted to pay for the land by installments and the vendor covenanted to make him title when the last installment was paid. Under such circumstances the covenant of the vendee to pay the last installment and the covenant of the vendor to make good title were properly held by the court below to be mutual and dependent covenants. Sanford v. Cloud, 17 Fla. 532; Walker v. Close, 98 Fla. 1103, 125 So. 521.

In contracts for the sale of land, where the covenant to pay and the covenant to convey title are dependent upon each other, it is generally held that the vendor who wishes to compel the vendee to fulfill his contract to pay the purchase price must perform his part of the agreement, and cannot proceed against the vendee without an actual performance on his part or a tender and refusal. The Bank of Columbia v. Hagner, 1 Peters 451, 7 L. Ed. 219; Sanford v. Cloud, 17 Fla. 532; Stevens v. Irvin, 132 Wash. 289; 321 Pac. 783.

In this case it is sufficiently alleged that the plaintiff had complied with all the covenants of the contract on his part by making a tender of the title deed and title policy, thereby putting the defendant in default. The point to be decided is whether or not under a contract for sale and

conveyance of real estate, where the covenants are mutual and dependent, the vendor not himself being in default, may comply with the covenants of the contract on his part and tender to the vendee a good and sufficient deed of conveyance in compliance with the contract, and demand payment from the vendee of the full amount due, and thereupon, upon refusal of defendant to accept the deed tendered and pay the full amount due under the contract, the vendor may then retain the title to the land he has agreed to sell and sue the vendee at law for the recovery of the full purchase price stipulated in the contract.

While the authorities on this subject are in hopeless conflict, it seems that the better rule is to the effect that under a contract of the character hereinbefore referred to, where it is executory and the agreements to convey and to pay the purchase money are dependent, that the vendor cannot maintain an action at law for the purchase price, even though he tenders a conveyance, but can recover at law only damages for breach of the contract. The reason given for this rule is that the title to the land can only pass by deed and a recovery of purchase money will leave the title in the vendor. See Laird v. Price, 7 Mees. & W., 474; Prichard v. Mulhall, 127 Ia. 545; 103 N. W. 774; Old Colony R. Corp. v. Evans, 6 Gray (Mass.) 25, 66 Am. Dec. 394; Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 A. S. R. 438; Hogan vs. Kyle, 7 Wash. 595, 35 Pac. 399; 38 A. S. R. 910; 39 Cyc. 1900 (and cases cited); notes 67 Am. Dec. 275, 4 Ann. Cas. 791.

Under a contract for the sale and conveyance of real estate where the covenants are mutual and dependent and the vendor himself is not in default, such vendor may comply with the covenant on his part and tender to the vendee a good and sufficient deed of conveyance in compliance with the contract and demand payment from the vendee of the amount due and thereupon, upon refusal

of defendant to accept the deed tendered and pay the amount due under the contract, the vendor may sue at law on the contract, but the measure of plaintiff-vendor's recovery as against the vendee will be the difference beteween the contract price and the market price at the time of breach, less the amount already paid on the purchase price. See Smith v. Newell, 37 Fla. 147 (155); 20 So. 249; Frazier v. Boggs, 37 Fla. 307, 20 So. 245. Borden vs. W. U. Tel. Co., 32 Fla. 394, 13 So. 876, 29 Am. & Eng. Encyc. Law, 2nd Ed. 719-720.

In the case of Smith v. Newell, *supra,* this Court, speaking through Mr. Justice Taylor, stated the rule to be: "The measure of the vendor's damage in case of the purchaser's failure to pay the agreed purchase price of land is the difference between the agreed purchase price and the actual value of the land at the time of the breach of the contract of purchase." But even if the vendor was allowed to sue for the full balance due, treating the contract as still existing, the vendee would be allowed to set off as against the plaintiff's claim the value of the land the title to which would remain in the vendor.

The court below held that the plaintiff's declaration was demurrable for the reason that the measure of defendant's damages in case of the purchaser's failure to pay the agreed purchase price of the land was the difference between the agreed purchase price and the actual value of the land at the time of the breach of the contract of purchase and that the declaration failed to show wherein the plaintiff was damaged in that it was not averred that there was any difference at the time of the breach of the contract between the defaulted contract price of the land and its actual value at that time. The demurrer was accordingly sustained and the plaintiff declining to plead further, final judgment was entered against it.

Losses that are a necessary result of a breach of contract are presumed to have been contemplated by the

parties and may be recovered under a general allegation of damages without being separately pleaded. Atlanta & St. A. B. R. Co. v. Thomas, 60 Fla. 412, 53 So. 510. A declaration which states a claim for actual damages presents a right to recover at law at least nominal damages and is not subject to general demurrer. S. A. L. Ry. Co. v. Mims, 61 Fla. 420, 54 Fla. 779; Tedder v. Riggin, 65 Fla. 153, 61 So. 244; Hail v. Western Union Tel. Co., 59 Fla. 275, 51 So. 819; 27 L. R. A. (N. S.) 639n.

In this case the declaration sufficiently stated a cause of action and contained a general allegation claiming $2,500.00 damages against the defendant. It was therefore sufficient as against the demurrer interposed, which should have been overruled. For the error pointed out, the judgment is reversed and the cause remanded with directions to overrule the demurrer to the declaration and for further proceedings in accordance with this opinion.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.