G. L. HENDERSON, *Plaintiff in Error,* v. MARSHALL MORTON, *Defendant in Error.*

147 So. 456.

Opinion filed April 3, 1933.

Re-hearing denied April 19, 1933.

*Baker & White,* for Plaintiff in Error;
*Coleman & Cook,* for Defendant in Error.

DAVIS, C. J.—Judgment was had in an action at law brought to enforce the collection of three promissory notes for $500.00 each given as part of the agreed purchase price of land proposed to be paid under an executory contract. At the time of the institution of the suit, only the first of said promissory notes was over-due by its own terms. So the plaintiff's amended declaration was framed in three counts in substance as follows: (1) Ordinary count on an unpaid promissory note; (2) count on second promissory note due at future date matured under acceleration clause contained in land sales contract attached to and made a part of the count; (3) count on third promissory note due at future date, but accelerated under same land sales contract as made part of second count. The declaration as finally amended was not demurred to by defendant. After plaintiff's demurrers had been sustained to defendant's second amended pleas, defendant suffered judgment to be entered against him for the full amount of plaintiff's claim. This writ of error is to that judgment.

Plaintiff in error, who as vendee under the land sales contract referred to made the notes sued on, relies for re-

versal of the judgment on what was recently held by this
Court in the case of Harper v. Bronson, 104 Fla. 75, 139
Sou. Rep. 203. In that case this Court stated that although
a promissory note given for purchase money, in pursuance
of the terms of an executory contract for the sale of land,
is not without consideration, because the executory con-
tract itself is a sufficient consideration for the promise of
the purchaser to pay the purchase price, that nevertheless
where the executory contract was the sole consideration for
a negotiable note, the contract and its breach may be shown
as a defense in an action on the note. It was also held
in that case that, under the land sales contract providing
for payment of the agreed purchase price in installments
according to a series of promissory notes given to evidence
such installments, the notes representing such installments
were to be regarded as having been given pursuant to in-
dependent covenants, with the exception of the last note.
As to the last note, as well as claim for recovery of the
whole sum after all the notes had become due, it was held
that the plaintiff must allege and prove tender of a deed,
or an offer to perform all of vendor's covenants.*

In this case, defendant below, by his second amended
first plea to plaintiff's declaration as a whole, and to each

*The opinion of this Court in Harper v. Bronson, *supra,* was not
filed by this Court until Jan. 23, 1932, which was long after
the rulings complained of in the court below were made. No
doubt had the Circuit Judge been advised at the time he ruled in
favor of enforcing all of the promissory notes here involved,
that this Court was going to later definitely reject the theory ex-
pressed in Walker v. Hewitt, 109 Ore. 366, 220 Pac. Rep. 147,
35 A. L. R. 100, to the effect that unpaid purchase money repre-
sented by a series of promissory notes given would be collectible
as on independent covenants, he would have ruled differently on
some phases of the present controversy as presented by the
pleadings.

count thereof, alleged that each of the promissory notes sued on in the several counts of the amended declaration, represented the balance of the unpaid purchase price of certain real property sold by plaintiff to defendant by executory contract of sale, copy of which was attached to said amended declaration and was made a part of said amended first plea by reference; that the notes sued on represented the entire balance owing on said purchase price and were originally owing at three different intervals, the third note being the last payable and representing the final installment; that at no time theretofore since the purchase of said real estate by defendant, had plaintiff tendered, or caused to be tendered, to defendant or any other person authorized to receive same, a deed of conveyance of the said real estate. Plaintiff by demurrer admitted the allegations of this plea to be true. Therefore under the ruling on Harper v. Bronson, *supra,* a good defense was by this plea made out and plaintiff's demurrer to same should have been overruled.

This is so, notwithstanding the point made by defendant in error that the plea did not negative the idea that defendant had gone into possession under the executory contract. Even if defendant had gone into possession, and was actually holding possession of the real property contracted to be sold by the executory sale contract, it was still incumbent upon plaintiff to show performance of his own covenants, as a condition precedent to being permitted to recover the whole purchase price of the land, the vendor's covenant being to make and deliver a good and sufficient *deed.* In this respect the proceeding at law for recovery of the balance of the purchase price due under an executory land sales contract, is materially different from a proceeding in equity to enforce a vendor's lien for such un-

paid purchase price against property in possession of the vendee under such contract. See Schmidt v. Kibben, 100 Fla. 1684, 132 Sou. Rep. 194; Smalley v. Sovereign Finance Co., 102 Fla. 32, 135 Sou. Rep. 558; Grentner v. Hays, 98 Fla. 547, 124 Sou. Rep. 916; Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 Sou. Rep. 547.

In an action at law between vendor and vendee, vendor who has not performed his own dependent covenants, or tendered performance of them, so as to entitle him to demand payment of the purchase price of land contracted to be sold by an executory sales contract, is not entitled to have judgment against his vendee for the unpaid balance of the purchase price, and this objection may be shown by an appropriate plea setting up such defense to an action on promissory notes which have been given in connection with the land sales contract to represent installments of the purchase price, when the suit on the promissory notes is for recovery of the sum of all the notes, after maturity, or after all have become due by their acceleration under the terms of the contract. See Woods-Hoskins-Young Co. v. Dittmarr, 102 Fla. 1000, 136 Sou. Rep. 710; Harper v. Bronson, *supra.*

In this case the judgment for plaintiff was entered on plaintiff's demurrer which had been sustained to the defendant's second amended first, second and third pleas to the declaration. The demurrer was a joint and several one interposed to the three pleas in question, whereas the pleas themselves were joint and several pleas to the three counts of the plaintiff's amended declaration.

Upon sustaining a demurrer to all the pleas that have been interposed to the declaration in an action at law, the Court, in giving judgment on the demurrer, must give judgment for the party whom the record shows is entitled to

judgment, considering the declaration and the pleas both as being admitted to be true. The Court may, on sustaining a demurrer to pleas, immediately or thereafter enter its final judgment on the demurrer as applied to the whole of the antecedent record. Davant v. Weeks, 78 Fla. 175, 82 Sou. Rep. 807. And in every case where a demurrer to all the pleas is sustained, and no amended pleas are filed, or permitted to be filed, the proper practice is to enter final judgment on the demurrer that has been sustained to the pleas. Garlington v. Priest, 13 Fla. 559; Pettys v. Marsh, 24 Fla. 44, 3 Sou. Rep. 577.

In entering judgment upon a demurrer that has been sustained to all the pleas interposed to a declaration at law, if it appears by the whole record that the plaintiff has no maintainable cause of action against the defendant, judgment thereon should be entered for the defendant, because a demurrer sustained to a pleading at law opens all the previous pleadings and judgment should be given against the party who committed the first error. Shelton v. Eiseman, 75 Fla. 644, 79 Sou. Rep. 75, and cases cited. Plaintiff's election to stand on his own demurrer that has been erroneously sustained to a good plea, is an error of record for which judgment may be entered for defendant under this rule, if the declaration be good.

In the case now before us, one of the assignments of error is that the Court below erred in entering *final judgment* for plaintiff on his demurrer sustained to defendant's several pleas to the whole declaration and each of its counts. As we have pointed out, one of the defendant's pleas at least,—the second amended first plea,—was good as a defense. Therefore when plaintiff moved for final judgment in his favor on his demurrer to the defendant's pleas, one of which was a good defense in law, even though a de-

murrer to it had been erroneously sustained, plaintiff by so moving for final judgment on his demurrer, thereby committed an error on the record which entitled defendant, not the plaintiff, to final judgment on the whole record as it stood at that time. This is so although the declaration had not been demurred to and in and by itself may be said not to have been subject to general demurrer to all its counts.*

In entering final judgment on a demurrer to all the pleas in a case, the court is required to enter judgment on the *record* as made by the declaration and pleas. And as was said by this Court in the early case of Garlington v. Priest, 13 Fla. text 565:

"If it appears by the record that the plaintiff has no cause of action against these defendants, and that the defect is such that no amendment can be made which will cure it, *it is immaterial whether the question was raised in the Court below or not;* the judgment cannot stand." (Emphasis ours.)

This means that if the declaration is good, and a plea that has been interposed to it is also good, and plaintiff elects to stand on a demurrer that he has interposed and caused to be erroneously sustained to a plea that is in law a good plea, a *final judgment* for plaintiff entered on his demurrer to defendant's pleas must be held erroneous, since upon the whole record it would appear that plaintiff has no real cause of action, and therefore is not entitled to a judgment against the defendant on the pleadings.

To hold otherwise, would simply mean that if an erroneous ruling of the Circuit Court has been made by its

---

*In this case the declaration as to first count was unquestionably good since it declared only on a matured promissory note in the usual form.

sustaining plaintiff's demurrer to a good plea to a good declaration, the erroneous ruling itself would entitle the plaintiff to a judgment that the whole record shows is not warranted by the facts admitted of record by the plaintiff's demurrer, and appearing to be true as alleged in the pleadings considered as a whole. Hence the assignment of error in this case questioning the correctness of plaintiff's final judgment on the pleadings in their entirety, must be sustained, and the judgment for plaintiff reversed, as much so as if the judgment had been moved on the pleadings alone without any demurrer to the pleas having been interposed and sustained. A judgment on demurrer is in legal effect a judgment on the pleadings up to that time.

The situation now before us on writ of error being as above stated, the first assignment of error must be sustained and the final judgment against defendant reversed. While upon reversal of a judgment the Supreme Court has jurisdiction to give on the record before it, such judgment as the Circuit Court ought to have given (Section 4637 C. G. L., 2918 R. G. S.), justice seems to require that the power to do so should not be exercised in this case, but the judgment should be reversed and the cause remanded with leave to the Circuit Court to authorize such re-pleading as may, in its judgment, be deemed necessary to accord with right and justice ,and lead to a conclusion not inconsistent with the law of this case as declared in this opinion. It is so ordered.

Reversed and remanded with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.