### CORAL GABLES, Inc., v. HANLEY.
### No. 7083.

Circuit Court of Appeals, Sixth Circuit.
Jan. 13, 1937.

William D. Hood, of Cleveland, Ohio (Howard H. Webster, of Cleveland, Ohio, on the brief), for appellant.

C. H. Henkel, of Mansfield, Ohio (Nist & O'Donnell and Henkel & Gongwer, all of Mansfield, Ohio, on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of an action on a promissory note for the recovery of $8,-981.36 with interest, which is the balance due under a land contract for the sale of a certain lot in Coral Gables, Florida. Appellee has paid $3,435.98 on the principal, and $222.18 interest. The land contract provided for the sale of the premises to appellee by Coral Gables Corporation, which is not a party to the suit. Upon written waiver of jury trial, the District Court dismissed the petition on the ground that appellant had failed to show tender of good title to the lot, and that such failure defeats its action for the balance of the purchase price. It likewise found no proof of damage suffered by appellant.

We think it necessary to discuss only the question of tender.

Appellant urges (1) that the issue of tender of good title was not raised in the pleadings, and (2) that appellant was not required to prove the sufficiency of such tender.

As to the first point, appellee pleaded in the answer that appellant had made no tender of a deed to the premises. Appellant in its reply averred that it had tendered a good and sufficient warranty deed, free and clear of all incumbrances except those mentioned in the land contract, thus pleading tender of good title. The issue was therefore sufficiently, although poorly, presented in the pleadings.

As to tender, the preliminary question arises whether the merits of the case are governed by the lex fori, the lex loci rei sitae, or the lex loci contractus. While it does not clearly appear whether the land contract was consummated in Ohio or in Florida, it covers Florida land, and Florida law controls. Hartford Fire Ins. Co. v. Nance, 12 F.(2d) 575 (C.C.A.6); Freedman v. Massachusetts Mutual Life Ins. Co., 81 F.(2d) 698 (C.C.A.6) Cf. In re Roche, 101 F. 956 (C.C.A.5); Taylor v. R. C. Maxwell Co., 31 F.(2d) 711 (C.C.A.1); Rogers v. Jones, 40 F.(2d) 333 (C.C.A.10); Harrell v. United Carbon Co., 52 F.(2d) 790 (C.C.A.5).

The decision of the second question depends upon whether the covenants of the land contract are mutual and dependent, and if so, whether appellant made tender in compliance therewith. Under Florida law and the rule applicable to this case,

the note and contract which were executed as part of the same transaction are to be construed together and the covenants of the contract and the note are mutual and dependent. Only one note was executed, and the recovery sought is for the entire balance due. The case therefore falls within the holding in Henderson v. Morton, 109 Fla. 300, 147 So. 456, which states the general rule in Florida in such actions at law for the recovery of the balance due upon a land contract. In that case the court approved the decision in Harper v. Bronson, 104 Fla. 75, 139 So. 203, quoting at length from the opinion, and held that while of a series of notes representing the payment price on a land contract all but the last are to be regarded as having been given pursuant to independent covenants, yet the final note, as well as the claim for recovery of the whole sum after all of the notes have become due, are to be construed with the land contract. There being but a single note in this case, the final payment thereon, and all defaulted payments prior thereto, come within this ruling. The court also stated that in order to recover the plaintiff must allege and prove tender of a deed or an offer to perform all of his covenants as vendor. See McKinnon v. Johnson, Adm'r, 54 Fla. 538, 45 So. 451; Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 So. 547.

Under these authorities, the deed tendered must comply with the terms of the land contract. In the instant case, the vendor covenanted to convey the lot "by good and sufficient Warranty Deed free of all incumbrances other than such as may have been placed thereon by or through said second party, subject however to the conditions, limitations and restrictions, hereinafter set out." It is not necessary to recite in detail these conditions, limitations and restrictions. It is enough to say that they were specifically set forth in the land contract.

■ The burden was on appellant to prove tender of a deed in conformity with its covenant. Henderson v. Morton, supra. It merely introduced the note and rested. Later it introduced an unrecorded deed for the purpose of showing that tender had been made. This instrument bore the date of January 7, 1932, purported to convey the lot in question to appellee, and had been executed by appellant. It refers to a warranty deed from Coral Gables Corporation to appellant, executed March 3, 1929, and recites that the deed executed by appellant to appellee is subject to the conditions, restrictions and limitations, easements, privileges, franchises and rights of way set forth in such deed from Coral Gables Corporation to appellant. There is no evidence as to what these restrictions are, or as to whether they extend, alter or are identical with the conditions and limitations incorporated in the land contract. Neither was the deed from Coral Gables Corporation to appellant, if any, offered in evidence, nor was proof made of its record. There is no competent proof that appellant owned the land at the time of the breach, or or at any time. It does not appear that appellant was assignee of the land contract or that it had any interest therein. The land contract itself shows that Coral Gables Corporation, and not appellant, is the vendor. Appellee was not bound to accept title from a stranger. Buswell v. O. W. Kerr Co., 112 Minn. 388, 394, 128 N.W. 459, 21 Ann.Cas. 837.

■ Appellant relies upon the loose statement in the answer to the effect that appellee had no title or possession of the lot, "but that instead Coral Gables Corporation or its successor or assignee * * * has had or has claimed and represented itself to have title to the premises described" at all times since the execution of the contract. This allegation neither admits nor denies the existence of title or any interest in appellant so far as either the lot or the land contract is concerned, and if anything is a denial rather than an admission that appellant had title to the lot at the date of tender or at any time.

All this record shows is tender of a deed purporting to convey the lot. Whether the title therein conveyed is good and sufficient does not appear, and appellant's failure to prove its ability to comply with the contract defeats its action.

The judgment is affirmed.