181 So. 236
.CORAL GABLES, Inc., v. PATTERSON.

3 Div. 233.

Supreme Court of Alabama.

March 31, 1938.

Rehearing Denied May 26, 1938.

Ball & Ball, of Montgomery, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

FOSTER, Justice.

This is another appeal in the case reported in 233 Ala. 602, 173 So. 4; 231 Ala. 649, 166 So. 40. The nature of the litigation is fully set forth in the report of these appeals. We will not set it out at length again, but only some of the features briefly to emphasize the contentions which we will now discuss.

As has been pointed out, the bill is for specific performance by a vendor in an executory contract for the sale of real property in Florida, against one who has assumed the obligations of the purchaser, who agreed in said contract to purchase and pay for the property in deferred installments, and gave his notes for such amounts each due at a stipulated time.

The contract provides that if the purchaser shall first make the payments (as well as perform the covenants), the seller agrees to convey the property to him by good and sufficient warranty deed free of all liens; and that should the purchaser fail to pay any of the installments, (a) the whole amount shall become due forthwith and recoverable at law by the seller; or (b) the seller may at his option declare the contract null and void, in which event stipulation is made as to the disposition of such amounts as may have been paid as liquidated damages; or (c) the contract may be foreclosed in equity as mortgages are foreclosed in that court in Florida, when the

rights of the purchaser may be sold and applied to the balance due.

■ This bill for specific performance does not seek to have the property sold for the satisfaction of the amount due by this respondent who has assumed in all respects the position of the original purchaser, but the result sought is simply a personal judgment against him to be collected as other such judgments. It would not probably be within the power of this court to declare a vendor's lien on the property in Florida, and sell it, since the power of this court is limited to the person of this respondent, a resident of Alabama, and here personally served. 42 Corpus Juris 27.

On the last appeal in this case we held that the stipulations of the contract as to the remedies which the vendor might pursue on default were intended to be exclusive of others and did not include that of specific performance. Since that decision was made, the bill was amended so as to set out certain laws and decisions of Florida, from which it is argued that a different conclusion should have been reached, and that we should hold that the remedy of specific performance is a remedy not necessary to be mentioned, and exists in equity without such specific mention in the contract, and not excluded because other remedies are mentioned.

■ We agree that the contract should be interpreted in the light of Florida law (State v. Panama, 126 Fla. 776, 171 So. 760; State v. Raulerson, Fla., 176 So. 270), though, when so, such appropriate remedy is available in Alabama as our courts here customarily enforce. 12 Corpus Juris 483.

So that we must, as near as we can, place ourselves in the position of the contracting parties, and ascertain what laws of Florida were applicable, and, therefore, which they had in mind as affecting their intention. We will here declare what we find the law of Florida to be which may be influential in this respect, as we understand the Florida cases.

(a) When in an executory contract to sell land the agreements to convey and pay are respectively dependent, the vendor cannot ordinarily maintain an action at law for the purchase price, but can recover at law only damages for a breach of the contract. Woods-Hoskins-Young Co. v. Dittmarr, 102 Fla. 1000, 136 So. 710. And this seems to be the effect of our holding in Maury v. Unruh, 220 Ala. 455, 126 So. 113.

(b) But when notes are given for deferred payments, and all become due, which may occur by virtue of an acceleration stipulation, the vendor may recover at law on them all, but he "must allege and prove tender of deed or an offer to perform vendor's covenants." Harper v. Bronson, 104 Fla. 75, 139 So. 203; Henderson v. Morton, 109 Fla. 300, 147 So. 456, 458; Piper v. Cooper-Atha-Bar R. E. & M. Co., 113 Fla. 327, 151 So. 495.

Or (c) he may have a suit in equity for the specific performance of the contract; which may only result in a personal judgment. Booth v. Bobbitt, 94 Fla. 704, 114 So. 513; Morgan v. Eaton, 59 Fla. 562, 52 So. 305, 138 Am.St.Rep. 167; McCaskill Co. v. Dekle, 88 Fla. 285, 102 So. 252.

(d) Upon a showing of the right to such remedy, equity will, in decreeing it, by which the title passes to the purchaser, charge it with a vendor's lien to secure payment of the purchase price, and have that lien enforced; but if there is any balance remaining unpaid, there will be no decree for the deficiency: neither will a court of law render a judgment for it, because it is declared that "the remedy of specific performance which involves results different from those in an action for the purchase price of the land; and this was known to the plaintiff when the equity suit for specific performance was brought, and the plaintiff in that suit is bound by his election." McCormick v. Bodeker, 119 Fla. 20, 160 So. 483, 484; McCaskill Co. v. Dekle, supra; Johnson v. McKinnon, 54 Fla. 221, 45 So. 23, 13 L.R.A.,N.S., 874, 127 Am.St.Rep. 135, 14 Ann.Cas. 180; Brownlow v. Harrison, 102 Fla. 446, 135 So. 848.

(e) Or he may file a bill in equity to foreclose the rights of the purchaser, and order a sale of the property on default by the purchaser to pay the amount decreed to be due. Edmons v. Gracy, 61 Fla. 593, 54 So. 899; Aycock Lumber Co. v. First National Bank, 54 Fla. 604, 45 So. 501; Schmidt v. Kibben, 100 Fla. 1684, 132 So. 194; Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 So. 547; 66 Corpus Juris 1284, 1285.

(f) In Florida, the mortgagee has merely a lien, and foreclosure is for purposes of enforcing it by sale to pay debt, and strict foreclosure is not permitted, Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267; though the term is sometimes used without reference to the harsh and sometimes inequitable rule as understood

in English Chancery, Wordinger v. Wirt, 112 Fla. 822, 151 So. 47; see 42 Corpus Juris 21; Aycock Lumber Co. v. First National Bank, supra.

But a vendor may have a cancellation of the purchaser's contract which has been recorded on account of a default by the purchaser, when he must return all payments made, less an amount which would adjust the equities between the parties. Taylor v. Rawlins, 86 Fla. 279, 97 So. 714, 35 A.L.R. 271; Id., 90 Fla. 621, 106 So. 424.

(g) In a suit at law on the notes and in a suit in equity for specific performance, by the vendor, when the covenants are dependent he must allege and prove a tender of deed as a condition precedent, but such requirement is not applicable to a suit in equity for a foreclosure. Miami Bond & Mortgage Co. v. Bell, supra; Smalley v. Sovereign Finance Co., 102 Fla. 32, 135 So. 558.

(h) A "proceeding at law for * * * the purchase price * * * is materially different from a proceeding in equity to enforce a vendor's lien for such unpaid purchase price." Henderson v. Morton, supra; McCormick v. Bodeker, supra.

(i) The two remedies are inconsistent, so that an election of one is a waiver of the other. McCormick v. Bodeker, supra.

(j) In foreclosing a mortgage equity will exercise a discretion to render a judgment for the deficiency, but not so in a suit for specific performance. McCaskill Co. v. Dekle, supra; McCormick v. Bodeker, supra.

It is not very clear to what extent the remedy of specific performance and the action at law for the purchase price are inconsistent under the Florida decisions, though they are so held at least when a sale is sought with specific performance.

It is not very clear what is the essence of the difference between specific performance in which a vendor's lien is sought to be enforced and a foreclosure by a sale of the rights of the purchaser, though there is a difference recognized. Nor is it very clear whether there may be a deficiency judgment on the foreclosure of the purchaser's rights in an executory contract as exists when a mortgage is foreclosed.

As we have said, the contract provided for three alternative remedies to be pursued by the vendor in default by the purchaser. The first is for a judgment at law, which is inconsistent with a suit for specific performance, at least where a vendor's lien is sought in aid of the collection of the debt, but it is not, according to our interpretation of the cases in that state, inconsistent with a foreclosure, in which a deficiency decree may be rendered.

The second alternative is in substance equal to a modified form of strict foreclosure not permitted except by contract, or when the contract of sale is recorded, and it is also inconsistent with specific performance. Chace v. Johnson, 98 Fla. 118, 123 So. 519; Taylor v. Rawlins, supra.

The third alternative (foreclosure) is in at least two respects more beneficial than specific performance. In it the restrictions applicable to specific performance in respect to tender, and want of jurisdiction to render a deficiency decree either do not exist or may be reasonably thought to be different.

We also think that theoretically it may be argued that the two remedies are inconsistent, since one seeks to have the contract enforced and the other to cut off the right of the purchaser to its enforcement. There is at least occasion for such argument or contention.

When the parties made this contract, drawn with evident care and skill, they must be held to have been familiar with the law of Florida, as we have set it out, since it was then in effect, though all the decisions so declaring may not have been rendered then. They chose the optional right to pursue either of three named remedies, all of which were either inconsistent with that of specific performance or furnish a procedure less onerous, and even in some instances more advantageous to them than that of specific performance. They seemed to be very particular to choose no remedy in which they thought a deficiency judgment may not be available.

The question here is whether they intended to exclude specific performance. It seems to us that such intention is manifest, when the contract is interpreted in the light of the Florida laws which we have mentioned.

We have gone thus far in the discussion of this case to add to the opinions on former appeals, not because there would ordinarily be need of doing so, but because of the urgent argument of counsel, and because the United States Circuit Court of Appeals of the Fourth Circuit declined to follow

our opinion in theirs on the same sort of contract in Coral Gables v. Payne, 94 F. 2d 593. That court makes the result hinge, as we do, on whether the intention of the parties shown by the contract was to exclude the remedy of specific performance not mentioned. But we cannot construe it as they do in that respect.

Many other questions have been carefully argued on this submission, but since we think the decree of the court sustaining the demurrer can be justified on the ground treated in the former appeals, and now reaffirmed, the other contentions are not considered.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.