189 So. 748

PATTERSON v. CORAL GABLES, Inc.

3 Div. 287.

Supreme Court of Alabama.

June 8, 1939.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellant.

Ball & Ball, of Montgomery, for appellee.

BROWN, Justice.

This is the fourth appeal in this case, and the question of the right of the appellee in this appeal to have specific performance of the contract has been passed on adversely to it by both sections of this court. Coral Gables, Inc. v. Patterson, 231 Ala. 649, 166 So. 40; Id., (Second Appeal), 233 Ala. 602, 173 So. 4; Id., (Third Appeal), 236 Ala. 201, 181 So. 236.

There is nothing in this record to show why the bill should not be dismissed generally as to the right of specific performance. The last amendment, as the record conclusively shows, was not offered for the purpose of aiding the bill and presenting an issue of law or fact for decision by the court. Crowson v. Cody, 215 Ala. 150, 110 So. 46.

In Ex Parte Jones, 133 Ala. 212, 32 So. 643, the complainant had his bill dismissed on application to the register in vacation under the provisions of section 703 of the Code 1896, section 6555 of the present Code, 1923. That section provides: "But the defendant, at the next succeeding term of the court, may show cause against the dismissal, and procure a vacation of the order."

The decree of the circuit court is corrected, so as to dismiss the bill generally as to the right of the complainant to compel specific performance of the contract set forth in the bill. As to the appellee's right to pursue other remedies the dismissal is

without prejudice. Cornelius v: Cornelius, 31 Ala. 479; James A. Keown v. Mary E. Keown, 231 Mass. 404, 121 N.E. 153.

Let the appellee pay the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.