E. N. Morrow and Mabel C. Morrow, his wife, A. H. DeVane and Lula DeVane, his wife, *Appellants,* v. Jefferson Standard Life Insurance Company, a corporation, *Appellee.*

150 So. 229.

Division B.

Opinion filed May 30, 1933.

Opinion on Re-hearing filed September 27, 1933.

*Lennard O. Boynton* and *Marion B. Jennings,* for Appellants;

*Swearingen & Wilson,* for Appellee.

Buford, J.—In this case a certain parcel of land was owned by A. E. Sloan. Sloan and wife by warranty deed conveyed an undivided one-half interest in and to the land to one Lula DeVane, and the other undivided one-half interest to one Mabel C. Morrow. Afterwards, Lula DeVane and her husband, A. H. DeVane, and Mabel C. Morrow and her husband, E. N. Morrow, executed a mortgage to R. L. Rooney, pledging the land to secure the payment of an indebtedness of $25,000.00.

Thereafter, A. H. DeVane and his wife, Lula DeVane, E. N. Morrow and his wife, Mabel C. Morrow, filed an application for loan with Jefferson Standard Life Insurance Company, of Greensboro, N. C., in the sum of $25,000.00.

In that application they represented the owners to be E. N. Morrow and Mabel C. Morrow, A. H. DeVane and Lula DeVane. The application contained the following stipulation:

"SECURITY. I offer as security for this loan a first lien on the following described real estate situated in the town of Lakeland, County of Polk, State of Florida, to-wit:

"(Legal description by metes and bounds or lot and block numbers, as contained in deed. This must be accurate.)

"Lot one Block seventeen of West Lakeland Addition to Lakeland, Florida, same being 100 feet frontage on So. Florida Ave., and 125 ft. on West Lemon St. plus a twenty-foot alley closed by city and 10 feet now owned by above applicants, making a total of 135 feet on Lemon Street.
"(Recd. Mar. 17, 1927

"3—Three store rooms on W. Lemon St. Nos. 108-110 & 112

"Two    "    "    on S. Fla. Ave. Nos. 201 and 207
"Dimensions of Lot: Front 100 feet by depth 125 feet."

It also contained the following:

"Give all liens on this property

| Lien holders | Amount | Date of Mortgage | When due |
|---|---|---|---|
| R. M. Romy | $25,000.00 | Nov. 1922 | Nov. 1927 |

Loan from you is to retire the above."

And also the following:

"APPLICANT. *What is your business?* Developers. *Do you own any other real estate?* Yes. *What is it worth?* $........A few hundred thousand. *What is your net worth?* $............ *Liens on other real estate?* $........small. *What is your total secured indebtedness?* $.................................. *What is your annual income?* $........About $50,000.00. *Are there any judgments against you?* No. *If so, amount*

$................ *For what purpose do you want this loan?* To retire loan on this property."

And also the following:

"Full brief of title, searches for liens of all kinds, insurance policies payable to mortgagees, covenant to pay taxes and evidence that same has been paid each year, certificate of no offset, if necessary, and such other papers as described by said Company are to be furnished by me; and I agree to pay all expenses of loan, including counsel fees, cost of examining property, preparing and recording papers, and any cost of cancelling or releasing mortgage or deed of trust when loan is paid. If, during the examination the title is found defective or the application shall be withdrawn, I will pay all expenses incurred, including a reasonable fee for the attorney's services. I hereby state that I hold the undisputed title in fee simple to the real estate above described; that the proposed mortgage is to be the first lien thereon; that I do not owe money to any mechanics, builders or others, for work done or materials furnished upon the property; that I am not surety upon any bond which can become a lien upon said property; and that these statements are made for the purpose of procuring said loan.

Date................                  Signed   A. J. DeVane ·
Mabel C. Morrow                            E. N. Morrow
Lula DeVane

Do Not Sign This Application Until You Have Read the Above. No Agent Can Bind the Company to Make a Loan."

There are other stipulations in the application, none of which, however, are material here.

The loan was made and mortgage executed by the De-Vanes and the Morrows. The money, the proceeds of the loan was delivered by the Insurance Company to E. N.

Morrow who was acting for himself and associates. Default occurred in the payment of the loan. The mortgagee brought suit to foreclose. The defendants answered and in the respective answers Mrs. Morrow and Mrs. DeVane alleged that the mortgage was void as to them and as a lien upon their separate property, because neither of them had appeared before a Notary Public and acknowledged the execution of the mortgage as required by law.

Thereupon, the complainant amended its bill of complaint wherein it alleged, in effect, that regardless of the facts alleged in the answer, the complainant was entitled to a lien on the property and was entitled to subject the same to the payment of the debt because of the existence of the facts hereinbefore set forth and prayed that should the court hold the mortgage to be invalid as against the separate property that the complainant, nevertheless, have a decree against such property for the amount of the loan and that same be sold to satisfy such decree.

Testimony was taken. On final hearing a decree was entered in which the mortgage was held to be invalid because of the fact that the property pledged therein was the separate statutory property of married women and that they respectively had not acknowledged the execution of the mortgage, as is by law required, but held that a lien existed because of the instrument in writing (the application) signed by the married women to procure a loan for the benefit of their separate respective estates and that the property should be subjected to the payment of the obligation thereby created and decreed that the property should be sold and the proceeds applied on the payment of such obligation.

From this decree defendants appealed. The complainant filed cross appeal to that part of the decree holding the mortgage to be invalid.

The decree was in error in holding the mortgage to be invalid as to the interest of Mrs. Devane because the proof that she did not appear before a Notary Public and execute the mortgage is not sufficient to overcome the certificate of the Notary Public purporting to take the acknowledgment. We conceive, however, that this error would be harmless because the decree of the court effectuates the same purpose and result which would have been effectuated by a decree of foreclosure as to Mrs. DeVane under the terms of the mortgage, except in this, that under a decree of foreclosure of the mortgage as to Mrs. DeVane and her husband, A. H. DeVane, the plaintiff would be entitled to recover attorney's fees and other expenses which could not be recovered under a decree subjecting the separate property of a married woman to the payment of the debt.

Therefore, the decree must be reversed in this regard, with directions that a decree of foreclosure of the mortgage be entered as against the interests of Mrs. DeVane in the property. The decree, otherwise, should be affirmed on authority of the opinion and judgment of this Court in the cases of Schmidt, et ux,. v. Kibben, et al., 100 Fla. 1684, 132 Sou. 194; Equitable Building & Loan Association v. King, 48 Fla. 252, 37 Sou. 181; Blood v. Hunt, 97 Fla. 551, 121 Sou. 886.

The costs of this appeal shall be assessed in equal parts against the appellants and the appellee.

The decree is reversed in part, as hereinbefore stated, and affirmed as to the remainder of the cause remanded for the entry of a modified decree not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

On Re-hearing.

PER CURIAM.—On re-hearing it is contended that the money borrowed from the insurance company did not in any manner benefit the married women's separate property. This is not material as to Mrs. DeVane since this Court holds that she is bound by the mortgage that was duly executed by her, covering her separate property.

Mrs. Mabel C. Morrow testified that she had the mortgage covering her separate property in her hands and that she signed the mortgage at her home in her husband's presence, that her husband was her agent in any of her property transactions and as to this particular property; that her husband told her when she signed the mortgage to the Jefferson Standard Life Insurance Company that he was refinancing and getting it at a cheaper rate of interest than was being paid on the Romey mortgage.

Mr. E. N. Morrow, husband of Mrs. Mabel C. Morrow, testified:

"Q. * * * the purpose of the loan with Jefferson Standard was to pay off the Romey mortgage?

"A. Yes sir.

"Q. And the money acquired from Jefferson Standard eventually did that?

"A. Yes sir."

In addition to signing the application for the loan and the note, Mrs. Morrow signed the mortgage to the insurance company, which, though not properly acknowledged by her to constitute a mortgage of her separate property, is an agreement by her to pay for money shown to have been borrowed and used for the benefit of her separate property, making such property subject to be charged in equity and sold for the money due upon such agreement made by her in writing for the benefit of her separate property under

Section 2, Article XI of the Constitution of 1885. Such agreement made by her in writing provides for an acceleration of the payment of the entire principal sum borrowed upon default in payment of any of the amounts agreed by her in writing to be paid.

The decree heretofore entered will stand as the decree of this Court in this cause.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.